UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E.S., an individual;<br><br>Plaintiff<br><br>-against-<br><br>BEST WESTERN INTERNATIONAL, INC.; MARRIOTT INTERNATIONAL, INC.; EXTENDED STAY AMERICA, INC.; G6 HOSPITALITY, LLC; WYNDHAM HOTELS AND RESORTS, INC.; AND CHOICE HOTELS INTERNATIONAL, INC.,<br><br>Defendants | CIVIL ACTION NO: 3:20-CV-00050<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY WITH MEMORANDUM IN SUPPORT** |

The Plaintiff, E.S., through her undersigned counsel, respectfully requests that this Court allow the Plaintiff to bring this action anonymously and grant a protective order pursuant to Federal Rules of Civil Procedure 26(c) to ensure that the Defendants keep the Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter.  The arguments in support of this motion are set out in the below memorandum.

## MEMORANDUM IN SUPPORT

The Plaintiff, E.S., is a survivor of sex trafficking and brings this action for damages against the Defendants (members of the hospitality industry) under 18 U.S.C §1595, as enacted by the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (hereinafter the "TVPRA").  The Plaintiff seeks a protective order and leave to proceed anonymously because the disclosure of her identity in the public docket would cause her a degree of harm that outweighs the presumption of open judicial proceedings under these special circumstances.

After first being trafficked in 2006 at the age of 21, was trafficked for five whole years. The Plaintiff refrains from naming her trafficker in this application and in her complaint for the same reasons she requests a protective order and leave to proceed anonymously: fear of retaliation. Furthermore, the Plaintiff's status as a victim of sex trafficking is highly sensitive, intimate, and private information that implicitly discloses the Plaintiff's status as a prostituted person as well as a victim of repeated sexual abuse. Requiring the Plaintiff to disclose her identity in public court records in order to assert her claims against the Defendants, who facilitated and profited from her abuse, only serves to further victimize the Plaintiff.

The Plaintiff agrees to proceed through her initials, E.S., and does not object to providing her true full name and the name of her traffickers to defense counsel pursuant to a protective order barring further dissemination of that information (except of course to their clients) and requiring all documents containing her true name to be filed under seal. Accordingly, granting the Plaintiff's motion will in no way prejudice the Defendants. Ultimately, the Plaintiff's substantial privacy interest regarding this deeply personal violation outweighs the public's interest in needing to know her identity. There is a greater public interest in protecting victims of commercial sex trafficking to ensure that other similarly situated victims will not be deterred from reporting such crimes and/or challenging the institutions which facilitate them.

## ARGUMENT

The Federal Rules of Civil Procedure require that a complaint "name all the parties," including the plaintiff. Fed. R. Civ. P. 10(a). Although the Rules do not provide instruction regarding plaintiffs who wish to proceed anonymously with their lawsuits, the Fifth Circuit has identified three factors commonly presented in cases permitting party anonymity: (1) plaintiffs "seeking anonymity [are] suing to challenge governmental activity"; (2) prosecution of the suit

compels plaintiffs "to disclose information 'of the **utmost intimacy**'; and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (emphasis added) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ("SMU")). Because none of the factors are dispositive, "[a] Judge … should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (emphasis in original) (citing *Wynne & Jaffe*, 599 F. 2d at 713). For example, courts have considered potential threats of violence, in conjunction with other factors, when deciding whether to permit a party to use pseudonyms. *See Stegall*, 653 F. 2d at 186.

In this case, Plaintiff is neither seeking to challenge governmental activity nor seeking to avoid admitting her intent to engage in illegal conduct. Instead, she seeks to proceed anonymously because her suit compels her to disclose information of the utmost intimacy— namely, details about being sex trafficked at various hotels throughout the Dallas/ Fort Worth area that were owned and controlled by Defendants. Moreover, because Plaintiff's traffickers remain at large, she is at risk of retaliatory harm for initiating a suit in which she must discuss details of her trafficking experience. Therefore, the Court should permit Plaintiff to proceed anonymously.

**A. Prosecution of this Suit Compels Plaintiff to Disclose Information of Utmost Intimacy.**

"Where the issues involved are matters of a sensitive and highly personal nature . . . the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *SMU*, 599 F.2d at 712-13 (citation and internal quotations marks omitted).

Many courts have found that allegations of sexual assault by the plaintiff warrant anonymity. *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-19 (11th Cir. 2011); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *Doe v. Cabrera*, Civ. A. No. CV 14-1005, (RBW), 307 F.R.D. 1, 2014 U.S. Dist. LEXIS 126236, 2014 WL 4656610, at *4 (D.D.C. Sept. 10, 2014); *EEOC v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 U.S. Dist. LEXIS 148145, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 U.S. Dist. LEXIS 27716, 2009 WL 910738, at *3-5 (E.D. Mo. Apr. 2, 2009); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006).

In this case, the Court should permit Plaintiff to proceed anonymously because she is a victim, not only of rape and sexual assault, but also of systematic sexual abuse in the context of human trafficking. As touched on in her complaint, Plaintiff's testimony about being trafficking will include: how she was coerced by verbal and physical abuse to engage in commercial sex with men at various hotels; the volume of men she was required to have sex with daily; the beatings she received from her trafficker; and the devastation she felt when the hotel staff turned a blind eye to her obvious cries for help. The graphic details of Plaintiff's human trafficking experience that she will testify to, and therefore relive, weigh in favor of anonymity. *See Cabrera*, 2014 U.S. Dist. LEXIS 126236, 2014 WL 4656610, at *4.

Although some courts have not permitted victims of sexual assault to proceed anonymously, those cases were brought by plaintiffs whose identities were already known to the community as a result of media coverage, or by plaintiffs whose main goal in remaining anonymous was to prevent embarrassment and not psychological harm. *See Doe ex rel. Doe v.*

*Harris*, No. CIV. A. 14-0802, 2014 U.S. Dist. LEXIS 118342, 2014 WL 4207599, at *2-3 (W.D. La. Aug. 25, 2014); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. 2007); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995). Here, Plaintiff's identity is not known to the community, and her goal in remaining anonymous is to prevent the psychological harm that will necessarily result in recounting for the world the graphic, degrading details of her human trafficking experience. There is a psychological vulnerability to even the strongest of sex trafficking survivors that demands attention. Survivors of sex trafficking explain that it takes a great deal of work to get to a point where they can openly discuss their experience.[1] Survivors struggle with "reliving the traumas over again through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by feelings of shame and guilt, thinking that they are living in hiding and unable to let themselves to truly be seen, and experiencing fleeting feelings of dignity and respect."[2]

Additionally, compelling the identification of E.S. and other victims like her seeking to pursue this cause of action under the TVPRA would effectively deter these victims from coming forward, litigating their cases, and holding Defendants accountable for their role in this criminal venture. Measures that may have a chilling effect on a party's willingness to litigate "violations of statutes are generally considered against public policy." See *Advanced Textile*, 214 F. 3d at 1073, see also *NMIC Insurance Company v. Smith*, No. 2:18-CV-533 WL 7859755 (S.D. Ohio, E.D., Oct. 24, 2018). Therefore, the Court should protect Plaintiff, who is part of a particularly vulnerable population, and permit her to proceed anonymously.

### B. Prosecution of this Suit May Result in Threats of Violence to Plaintiff.

Threats of violence considered by courts when determining whether a plaintiff should be

---

[1] Ruth Rondon, *Understanding the 4 Stages of Recovering from Sex Trafficking*, Human Trafficking eLearning, (2017) 1- 7, 5. This guide is written by a well-published survivor of sex trafficking and is attached as **Exhibit 1**.
[2] *Id* at 3.

allowed to proceed anonymously generally involve a fear of retaliation by the defendant or others in the community for initiating the lawsuit. *See Stegall*, 653 F.2d at 186 (considering the gravity of danger posed by the threats of retaliation against the plaintiffs for filing the suit). Here, although Plaintiff has not named her traffickers in her complaint, she will be compelled to testify about them and how they operated. Because the Plaintiff's trafficker has not been prosecuted to completion or detained (to Plaintiff's knowledge), they remain a potential threat to Plaintiff. Plaintiff has been a victim of her traffickers' physical abuse in the past, as reflected in her complaint. Therefore, she has a reasonable fear that her initiation of this lawsuit will threaten her safety. Thus, this Court should protect Plaintiff by permitting her to proceed anonymously.

**C. The Defendants' ability to present a full defense will not be compromised.**

The Defendants will not be prejudiced if the Plaintiff's motion is granted. The Defendants are corporate entities that lack the vulnerability that the Plaintiff faces as a singular victim of repeated sexual abuse, particularly in an era where publicly-filed documents are easily searchable online. Anonymity in this case, would be limited to the pseudonym that the Plaintiff uses, not to who she is in every other respect. *James v. Jacobson*, 6 F.3d 233, 243 (4th Cir. 1993). As previously mentioned, E.S. is willing to provide her full name and the identity of her trafficker to the Defendants, under a protective order. The Plaintiff simply seeks redaction of the Plaintiff's identifying information from the public docket and assurances that the Defendants will not use or publish the Plaintiff's identity.

## **CONCLUSION**

Sex traffickers steal from their victims their sense of privacy, autonomy, and normalcy. A litigation pursued under the TVPRA is a critical step for survivors to recover what was taken from them. To demand that these survivors publicly disclose their identity in order to pursue their cause of action under the TVPRA would strip them of their privacy and dignity all over

again, thereby deterring many women from filing lawsuits to begin with.

For the forgoing reasons, Plaintiff requests that the Court GRANT the Plaintiff's motion to file under the initials E.S. and order that all materials filed in the action, all judgments, and any other documents relating to the action shall refer to the Plaintiff as E.S. without additional identifying information.

Dated: January 8, 2020

                Respectfully submitted,

                THE LANIER LAW FIRM, P.C.

                */s/ W. Mark Lanier*
                W. Mark Lanier
                Texas State Bar No.: 11934600
                WML@lanierlawfirm.com
                Monica Cooper (*pro hac vice* to be filed)
                State Bar No.: 24071344
                Monica.Cooper@lanierlawfirm.com
                10940 W. Sam Houston Pwky North, Suite 100
                Houston, Texas 77064
                Telephone: (713) 659-5200
                Facsimile: (713) 659-2204

                ***Attorneys for Plaintiff E.S.***