IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E.S., an individual;<br><br>                      Plaintiff,<br><br>v.<br><br>BEST WESTERN INTERNATIONAL, INC.; MARRIOTT INTERNATIONAL, INC.; EXTENDED STAY AMERICA, INC.; G6 HOSPITALITY, LLC; WYNDHAM HOTELS AND RESORTS, INC.; AND CHOICE HOTELS INTERNATIONAL, INC.,<br><br>                      Defendants. | CIVIL ACTION NO.: 3:20-CV-00050 |

**MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF E.S.'S MOTION FOR A PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY**

Defendant Marriott International, Inc. ("Marriott International"), by and through the undersigned counsel, hereby responds to Plaintiff's Motion for a Protective Order and Leave to Proceed Anonymously (Dkt. 4) (the "Motion") and in support states as follows:

**INTRODUCTION**

The Complaint alleges that E.S. was the victim of criminal sex trafficking at hotels in North Texas, including two Fairfield Inn and Suites hotels in Arlington and Dallas. In her Motion, E.S. requests leave to proceed anonymously for purposes of "all materials filed in this action." Dkt. 4, at 7. The Motion argues that proceeding anonymously is appropriate because requiring E.S. to disclose her identity in public filings would further victimize her and compound the harms she seeks to redress. Dkt. 4, at 3-4. The Motion also argues that E.S. fears potential retaliation by her

1

alleged trafficker.  Dkt. 4, at 2, 6.

Marriott International recognizes the highly sensitive and personal nature of this action. As such, and in light of Plaintiff's representation that she will provide Defendants with her true name and identity, as well as the identity of her trafficker(s) (*see* Dkt. 4, at 2), Marriott International ***does not oppose*** the entry of an order allowing her to proceed anonymously for purposes of pre-trial public filings, without prejudice to either party's right to revisit the issue prior to trial.  Marriott International ***does oppose*** the motion to the extent it seeks to restrict Marriott International's ability to use Plaintiff's identity (as well as the identity of her trafficker) to investigate the claims asserted and in the course of discovery in this action.  Such restrictions would severely prejudice Marriott International's ability to investigate Plaintiff's allegations and to prepare its defense in this action.

## ARGUMENT

"Every pleading" in federal court "must name all the parties."  Fed R. Civ. P. 10(a). Nevertheless, courts have permitted parties to proceed anonymously and to seal documents that reveal their true identities when extraordinary circumstances justify that restriction.  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).  In the Fifth Circuit, courts consider three factors to determine "whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings."  *Doe v. Compact Info. Sys., Inc.*, No. 3:13-cv-5013-M, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015).  These three factors are:

> (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Stegall*, 653 F.2d at 185.  Courts may also consider the "prejudicial impact on the defendants if the

plaintiff is allowed to proceed anonymously as well as fairness to the public." *Compact Info. Sys.*, 2015 WL 11022761, at *3 (citing *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007)). Allegations of a potential for embarrassment or even harassment may be insufficient to justify proceeding anonymously in a civil action for monetary relief. *Compact Info. Sys.*, 2015 WL 11022761, at *4 (noting that even claims involving allegations of sexual assault have not been found "to be so compelling in regard to its intimate nature as to permit plaintiffs to proceed anonymously").

In this case, E.S. has asserted claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). To assert a claim under the TVPRA, E.S. must be a trafficking "victim." 18 U.S.C. § 1595(a). In other words, E.S. must establish that she was caused to engage in commercial sex acts against her will through force, threats of force, fraud, or coercion. 18 U.S.C. § 1591(a). Investigating whether E.S. was in fact a victim of sex-trafficking under the TVPRA will involve the use of E.S.'s identity in discovery to determine whether a crime occurred and, if so, the identities of those who were involved.

Like all defendants, Marriott International has a due process right to have a full and fair opportunity to litigate the claims against it. *See, e.g.*, *Allen v. McCurry*, 449 U.S. 90, 95 (1980); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). Marriott International does not oppose E.S.'s request to proceed anonymously for purposes of pre-trial public filings, provided Marriott International has a full and fair opportunity to investigate E.S.'s claims and defend against them.

## CONCLUSION

For all the foregoing reasons, if the Court is inclined to permit E.S. to proceed anonymously for any purposes in this action, Marriott International respectfully requests that the Court limit

E.S.'s motion and the scope of any relief to pre-trial public filings and on the condition that Plaintiff shall not be permitted to limit Marriott International's ability to investigate fully and defend against Plaintiff's actions.

Dated: April 27, 2020

        /s/ Jason S. Lewis
Jason S. Lewis, Tex. Bar No. 24007551
DLA Piper LLP
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(Tel.) 214.743.4548
(Fax) 972.813.6250
jason.lewis@dlapiper.com

Ellen E. Dew (admitted *pro hac vice*)
DLA Piper LLP
6225 Smith Avenue
Baltimore, Maryland 21209
T: 410.580.4127
F: 410.580.3127
ellen.dew@dlapiper.com

*Attorneys for Defendant*
*Marriott International, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 27, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record.

        /s/ Jason S. Lewis
Jason S. Lewis