**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **E.S., an individual** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO.  3:20-cv-0050-S** |
| | § | |
| **BEST WESTERN INTERNATIONAL,** | § | |
| **INC.; MARRIOTT INTERNATIONS,** | § | |
| **INC.; EXTENDED STAY AMERICA,** | § | |
| **INC.; G6 HOSPITALITY, LLC;** | § | |
| **WYNDHAM HOTELS AND RESORTS,** | § | |
| **INC.; AND CHOICE HOTELS** | § | |
| **INTERNATIONAL, INC.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant G6 Hospitality LLC ("G6"), by and through its undersigned counsel, responds to Plaintiff E.S.'s ("Plaintiff") First Amended Complaint as follows:

### INTRODUCTION

1.      Paragraph 1 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 1 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies them.

2.      G6 denies all of the allegations in paragraph 2 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies them.

3.      Paragraph 3 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 3 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 and, on that basis, denies them.

4.      Paragraph 4 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff has filed this suit under the initials "E.S." pursuant to the TVPRA.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, denies them.

5.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies them.

6.      Paragraph 6 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff brings this action for damages against G6 and other defendants pursuant to 18 U.S.C. sections 1591 and 1595.  Except as expressly admitted, G6 denies all of the allegations of paragraph 6 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 as they pertain to any other defendants and, on that basis denies them.

7.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

8.      Paragraph 8 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 8 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or

information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.      Paragraph 9 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff brings this action against Defendants under the TVPRA.  G6 denies all of the allegations in paragraph 9 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.      Paragraph 10 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 10 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

## PARTIES

11.      Paragraph 11 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that Plaintiff has moved to proceed anonymously under the initials E.S. and that she pursues legal theories under 22 U.S.C. §§ 7102(14) and (15) and 18 U.S.C. § 1591(a).  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies them.

12.      Paragraph 12 and its subparts consists of allegations directed towards Wyndham Hotels and Resorts, Inc. ("Wyndham") to which no response by G6 is required.  To the extent a

response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 or its subparts and, on that basis, denies them.

13.    Paragraph 13 and its subparts consists of allegations directed towards Choice Hotels International, Inc. ("Choice Hotels") to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 or its subparts and, on that basis, denies them.

14.    Paragraph 14 and its subparts consists of allegations directed towards Best Western International, Inc. ("Best Western") to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 or its subparts and, on that basis, denies them.

15.    Paragraph 15 and its subparts consists of allegations directed towards Marriot International, Inc. ("Marriott") to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 or its subparts and, on that basis, denies them.

16.    G6 admits that it is a Delaware limited liability company with its principle place of business located at 4001 International Parkway in Carrollton, Texas.  Except as expressly admitted, G6 denies all of the allegations in Paragraph 16.

      a.    G6 admits that, since October 2012, it has owned and operated some Studio 6® branded properties, while others have been independently owned and operated by third party franchisees pursuant to franchise agreements specific to those properties.  G6 denies any allegations inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 16(a).

b.    G6 admits that, since October 2012, it has owned and operated some Studio 6® branded properties, while others have been independently owned and operated by third party franchisees pursuant to franchise agreements specific to those properties.  G6 denies any allegations inconsistent with such documents.  G6 further denies that it owned or controlled any aspect of the hotel located at 1980 West Pleasant Ridge Road, Arlington, Texas (the "Studio 6 Arlington") at any time relevant to Plaintiff's First Amended Complaint, as G6 did not exist prior to October 2012.  G6 admits that it considers guest safety and security to be important and requires all Studio 6® branded properties to comply with certain standards and all applicable laws.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 16(b).

c.    Paragraph 16(c) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 16(c).

d.    G6 admits that, since October 2012, some Studio 6® properties have been owned and operated by G6, while others have been independently owned and operated by third party franchisees pursuant to franchise agreements specific to those properties.  G6 denies any allegations inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations of Paragraph 16(d).

e.    G6 admits that it currently owns the Studio 6 Arlington.  G6 denies that it owned the Studio 6 Arlington at any time relevant to Plaintiff's First

Amended Complaint.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 16(e).

f.      Paragraph 16(f) consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it regularly transacts business in Texas and does not dispute the personal jurisdiction of this Court.  Except as expressly admitted, G6 denies all of the allegations in paragraph 16(f).

17.     Paragraph 17 and its subparts consist of allegations directed towards ESA Management, LLC. ("ESA") to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 or its subparts and, on that basis, denies them.

18.     Paragraph 18 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 18 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 and, on that basis, denies them.

## JURISDICTION AND VENUE

19.     Paragraph 19 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it does not dispute the Court has subject matter jurisdiction over this lawsuit.  Except as expressly admitted, G6 denies all of the allegations in paragraph 19.

20.     Paragraph 20 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it does not dispute that

venue is proper in this Court.  Except as expressly admitted, G6 denies all of the allegations in paragraph 20 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 as they pertain to any other defendants and, on that basis, denies them.

21.     Paragraph 21 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it does not dispute the personal jurisdiction or proper venue of this Court as to G6.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, denies them.

22.     Paragraph 22 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it does not dispute the personal jurisdiction of this Court as to G6.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies them.

23.     Paragraph 23 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it does not dispute the personal jurisdiction of this Court as to G6.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies them.

## <u>SEX TRAFFICKING UNDER FEDERAL LAW</u>

24.     Paragraph 24 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 is a

federal statute that speaks for itself, and denies any allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies the allegations of paragraph 24.

25.     Paragraph 25 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 and 18 U.S.C. § 1591 are federal statutes that speak for themselves, and denies any allegations that are inconsistent therewith.   Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 25.

26.     Paragraph 26 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. 1591(a) is a federal statute that speaks for itself, and denies any allegation that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 26.

## FACTUAL ALLEGATIONS[1]

27.     Paragraph 27 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication cited in paragraph 27 is a document that speaks for itself, and denies any characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, denies them.

28.     G6 admits that it has received certain information from the Polaris Project after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 28 as they pertain to G6.  G6 lacks sufficient

---

[1] This Answer omits the subheadings from the Complaint, as they are not allegations to which a response is required.  To the extent such subheadings are deemed to require a response, G6 denies each and every one.

knowledge or information to form a belief as to the truth of the allegations of paragraph 28 as they pertain to any other defendants and, on that basis, denies them.

29.   G6 admits that it has received certain publically available information regarding human trafficking after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 29 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 as they pertain to any other defendants and, on that basis, denies them.

30.   G6 admits that its employees have internally discussed the topic of sex trafficking in the hospitality industry after October 2012.  G6 denies that it existed prior to October 2012. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 30 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 as they pertain to any other defendants and, on that basis, denies them.

31.   G6 admits that, after October 2012, G6 employees have sent and/or received certain communications concerning sex trafficking in the hospitality industry, which are documents that speak for themselves.  G6 denies any characterizations of such documents that are inconsistent therewith, and further denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 31 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 as they pertain to any other defendants and, on that basis, denies them.

32.    G6 admits that the undergraduate student thesis cited in paragraph 32 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted, G6 denies all of the allegations in paragraph 32 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 as they pertain to any other defendants and, on that basis, denies them.

33.    G6 denies all of the allegations in paragraph 33 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 as they pertain to any other defendants and, on that basis, denies them.

34.    G6 denies all of the allegations in paragraph 34 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 as they pertain to any other defendants and, on that basis, denies them.

35.    G6 admits that the Polaris Project publication cited in paragraph 35 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.   G6 further denies all of the allegations of paragraph 35 as they pertain to G6.   Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35 and, on that basis, denies them.

36.    Paragraph 36 consists of allegations directed towards Best Western to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, denies them.

37.    Paragraph 37 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge

or information to form a belief as to the truth of the allegations of paragraph 37 and, on that basis, denies them.

38.     Paragraph 38 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 and, on that basis, denies them.

39.     G6 denies all of the allegations of paragraph 39.

40.     Paragraph 40 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 40 and, on that basis, denies them.

41.     Paragraph 41 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 41 and, on that basis, denies them.

42.     Paragraph 42 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies them.

43.     Paragraph 43 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, denies them.

44.     Paragraph 44 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 and, on that basis, denies them.

45.     G6 denies all of the allegations of paragraph 45 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 and, on that basis, denies them.

46.     Paragraph 46 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies them.

47.     Paragraph 47 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies them.

48.     G6 denies the allegations of paragraph 48 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies them.

49.     Paragraph 49 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49 and, on that basis, denies them.

50.     Paragraph 50 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies them.

51.     Paragraph 51 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, denies them.

52.     G6 denies all of the allegations of paragraph 52 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 and, on that basis, denies them.

53.     Paragraph 53 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

54.     Paragraph 54 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

55.     Paragraph 55 denies all of the allegations of paragraph 55 as they pertain to G6. Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 and, on that basis, denies them.

56.     G6 denies all of the allegations of paragraph 56 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56 and, on that basis, denies them.

57.     Paragraph 57 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 57 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies them.

58.     Paragraph 58 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 and, on that basis, denies them.

59.     Paragraph 59 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60.     Paragraph 60 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, denies them.

61.     Paragraph 61 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 61.

62.     Paragraph 62 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies them.

63.     Paragraph 63 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, denies them.

64.     Paragraph 64 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, denies them.

65.     Paragraph 65 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     Paragraph 66 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and, on that basis, denies them.

67.     Paragraph 67 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 67.

68.     Paragraph 68 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, denies them.

69.     Paragraph 69 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, denies them.

70.     G6 denies all of the allegations of paragraph 70 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 70 as they pertain to any other defendants and, on that basis, denies them.

71.     Paragraph 71 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 and, on that basis, denies them.

72.      Paragraph 72 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 and, on that basis, denies them.

73.     Paragraph 73 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 and, on that basis, denies them.

74.     G6 denies all of the allegations of paragraph 74.

75.     Paragraph 75 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 and, on that basis, denies them.

76.     Paragraph 76 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, denies them.

77.     Paragraph 77 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and, on that basis, denies them.

78.     Paragraph 78 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, denies them.

79.     Paragraph 79 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.     G6 denies all of the allegations of paragraph 80.

81.     Paragraph 81 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 and, on that basis, denies them.

82.     Paragraph 82 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, denies them.

83.     Paragraph 83 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 and, on that basis, denies them.

84.     Paragraph 84 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 and, on that basis, denies them.

85.     Paragraph 85 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85 and, on that basis, denies them.

86.     G6 denies that it existed prior to October 2012.  G6 admits that after October 2012, G6 has been implementing the available and evolving anti-trafficking policies, procedures,

and training.   Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 86.

87.     Paragraph 87 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, denies them.

88.     Paragraph 88 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, denies them.

89.     Paragraph 89 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 and, on that basis, denies them.

90.     Paragraph 90 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, denies them.

91.     Paragraph 91 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 and, on that basis, denies them.

92.     Paragraph 92 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies that it existed prior to October 2012.  G6 admits that after October 2012, G6 has been implementing the available and evolving anti-trafficking policies, procedures, and training.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 92.

93.     Paragraph 93 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, denies them.

94.      Paragraph 94 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 and, on that basis, denies them.

95.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     G6 admits that the academic publication cited in paragraph 96 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of  paragraph 96 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 as they pertain to any other defendants and, on that basis, denies them.

97.     Paragraph 97 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits the undergraduate student

thesis cited in paragraph 97 is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 and, on that basis, denies them.

98.    Paragraph 98 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that the article cited in paragraph 98 is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. G6 further admits that it has required all customer-facing G6 employees to take anti-human trafficking training. G6 further admits that its contractual relationships with the independent owners and operators of franchised Studio 6® properties not at issue in Plaintiff's First Amended Complaint are governed by franchise agreements specific to those properties, and G6 denies all allegations inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 98 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 as they pertain to any other hospitality companies and, on that basis, denies them.

99.    Paragraph 99 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that 18 U.S.C. 1595 is a federal statute that speaks for itself, and G6 denies any allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 99.

100.    G6 denies all of the allegations of paragraph 100 as they pertain to G6. Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, denies them.

101.    Paragraph 101 consists of allegations directed towards other hospitality companies to which no response by G6 is required.  To the extent a response is required, G6 admits that the report cited in paragraph 101 is a document that speaks for itself.  G6 denies any characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101 and, on that basis, denies them.

102.    Paragraph 102 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 and, on that basis, denies them.

103.    G6 admits that the Department of Homeland Security publications cited and referenced in paragraph 103 are documents that speak for themselves.  G6 denies any characterization of such documents that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 103 and, on that basis, denies them.

104.    G6 admits that the toolkit cited in paragraph 104 is a document that speaks for itself, and G6 denies any characterization of such document that is inconsistent therewith.  G6 further denies all of the allegations in paragraph 104 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 and, on that basis, denies them.

105.    Paragraph 105 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 105 and, on that basis, denies them.

106.    Paragraph 106 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106 and, on that basis, denies them.

107.    Paragraph 107 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107 and, on that basis, denies them.

108.    G6 admits that it has been monitoring the available and evolving anti-trafficking policies and procedures applicable to the hospitality industry.  Except as expressly admitted, G6 denies all of the allegations of paragraph 108.

109.    Paragraph 109 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 and, on that basis, denies them.

110.    Paragraph 110 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110 and, on that basis, denies them.

111.    Paragraph 111 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 111 and, on that basis, denies them.

112.    Paragraph 112 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 and, on that basis, denies them.

113.    Paragraph 113 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113 and, on that basis, denies them.

114.    G6 admits that it has participated in discussions with members of the hospitality industry and experts in human trafficking about policies and procedures designed to help prevent or stop human trafficking on hotel premises.  Except as expressly admitted, G6 denies all of the allegations of paragraph 114.

115.    Paragraph 115 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115 and, on that basis, denies them.

116.    Paragraph 116 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116 and, on that basis, denies them.

117.    Paragraph 117 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117 and, on that basis, denies them.

118.    Paragraph 118 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118 and, on that basis, denies them.

119.    Paragraph 119 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119 and, on that basis, denies them.

120.    G6 denies all of the allegations of paragraph 120.

121.    Paragraph 121 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 and, on that basis, denies them.

122.    Paragraph 122 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, denies them.

123.    Paragraph 123 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 123 and, on that basis, denies them.

124.    Paragraph 124 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124 and, on that basis, denies them.

125.    Paragraph 106 consists of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125 and, on that basis, denies them.

126.    G6 denies all of the allegations of paragraph 126.

127.    Paragraph 127 consists of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127 and, on that basis, denies them.

128.    Paragraph 128 consists of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 and, on that basis, denies them.

129.    Paragraph 129 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that hospitality companies should take reasonable steps to minimize the occurrence of foreseeable criminal conduct at the hotels they operate.  Except as expressly admitted, G6 denies all of the allegations of paragraph

129 as they pertain to G6.  G6 lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 129 as they pertain to any other hospitality companies and, on that basis, denies them.

130.   Paragraph 130 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Studio 6 Arlington was not, at any time relevant to the First Amended Complaint, a Studio 6® franchised location, and G6 is not, itself, a "brand."  Paragraph 130 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Studio 6® branded properties not at issue in Plaintiff's First Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with such documents. Except as expressly admitted or denied,  G6 denies all of the allegations of paragraph 130 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 130 as to any other hospitality companies and, on that basis, denies them.

131.   Paragraph 131 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Studio 6 Arlington was not, at any time relevant to the First Amended Complaint, a Studio 6® franchised location, and G6 is not, itself, a "brand."  Paragraph 131 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Studio 6® branded properties not at issue in Plaintiff's First Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are

inconsistent with such documents. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 131 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 131 as to any other hospitality companies and, on that basis, denies them.

132. Paragraph 132 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Studio 6 Arlington was not, at any time relevant to the First Amended Complaint, a Studio 6® franchised location, and G6 is not, itself, a "brand." Paragraph 132 also consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 admits that some Studio 6® branded properties not at issue in Plaintiff's First Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 132 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 132 as to any other hospitality companies and, on that basis, denies them.

133. Paragraph 133 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133 and, on that basis, denies them.

134. Paragraph 134 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required. To the extent a response is required, G6

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 134 and, on that basis, denies them.

135.    Paragraph 135 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 135 and, on that basis, denies them.

136.    Paragraph 136 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 136 and, on that basis, denies them.

137.    Paragraph 137 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 137 and, on that basis, denies them.

138.    Paragraph 138 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138 and, on that basis, denies them.

139.    G6 denies all of the allegations in paragraph 139.

140.    Paragraph 140 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Studio 6® branded properties not at issue in Plaintiff's First Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which

are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith.  G6 further denies that the Studio 6 Arlington is or was a franchised property at any time relevant to Plaintiff's First Amended Complaint.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 140.

141.    Paragraph 141 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141 and, on that basis, denies them.

142.    Paragraph 142 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142 and, on that basis, denies them.

143.    Paragraph 143 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143 and, on that basis, denies them.

144.    Paragraph 144 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144 and, on that basis, denies them.

145.    G6 denies all of the allegations of paragraph 145 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 145 pertaining to any other defendants and, on that basis, denies them.

146.     Paragraph 146 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146 and, on that basis, denies them.

147.     Paragraph 147 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 147 and, on that basis, denies them.

148.     Paragraph 148 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148 and, on that basis, denies them.

149.     Paragraph 149 consists of conclusions of law and legal argument to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 149.

150.     Paragraph 150 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150 and, on that basis, denies them.

151.     Paragraph 151 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 151 and, on that basis, denies them.

152.    G6 denies all of the allegations of paragraph 152 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 152 as they pertain to any other defendants and, on that basis, denies them.

153.    Paragraph 153 and its subparts consist of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 153 or its subparts and, on that basis, denies them.

154.    Paragraph 154 does not consist of any allegations requiring a response.  To the extent a response is required, G6 denies all of the allegations in paragraph 154.

  a.  G6 admits that it currently owns and operates the Studio 6 Arlington.  G6 denies that it owned or operated the Studio 6 Arlington at any time relevant to Plaintiff's First Amended Complaint.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 154(a).

  b.  G6 denies all of the allegations in paragraph 154(b).

  c.  G6 admits that Motel 6 was founded in 1962.  Except as expressly admitted, G6 denies all of the allegations of paragraph 154(c).

  d.  Paragraph 154(d) consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 154(d).

  e.  G6 denies all of the allegations of paragraph 154(e).

  f.  Paragraph 154(f) consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has implemented the training and education described in

paragraph 154(f) and its subparts.  G6 denies that it owned or controlled training at the Studio 6 Arlington or any Studio 6® property prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations of 154(f) and its subparts.

g.  Paragraph 154(g) and its subparts consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that, since October 2012, some Studio 6® branded properties have been owned and operated by G6, and others have been independently owned and operated by third party franchisees pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any allegations that are inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 154(g) and its subparts.

h.  Paragraph 154(h) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 154(h).

i.  Paragraph 154(i) and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 154(i) and its subparts.

j.  G6 denies all of the allegations of paragraph 154(j).

   i.  G6 admits that the article cited in paragraph 154(j)(i) is a document that speaks for itself.  G6 denies any characterizations of

such article that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(i) and, on that basis, denies them.

ii.   G6 admits that the article cited in paragraph 154(j)(ii) is a document that speaks for itself.  G6 denies any characterizations of such article that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(ii) and, on that basis, denies them.

iii.  G6 admits that the article cited in paragraph 154(j)(iii) is a document that speaks for itself.  G6 denies any characterizations of such article that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(iii) and, on that basis, denies them.

iv.  G6 admits that the article cited in paragraph 154(j)(iv) is a document that speaks for itself.  G6 denies any characterizations of such article that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(iv) and, on that basis, denies them.

v. G6 admits that the article cited in paragraph 154(j)(v) is a document that speaks for itself. G6 denies any characterizations of such article that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(v) and, on that basis, denies them.

vi. G6 admits that the article cited in paragraph 154(j)(vi) is a document that speaks for itself. G6 denies any characterizations of such article that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154(j)(vi) and, on that basis, denies them.

vii. G6 admits that the online review quoted in paragraph 154(j)(vii) is a document that speaks for itself. G6 denies any characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the review or the truth of the matters asserted therein and, on that basis, denies them.

viii. G6 admits that the online review quoted in paragraph 154(j)(viii) is a document that speaks for itself. G6 denies any characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or

information to form a belief as to the authenticity of the review or the truth of the matters asserted therein and, on that basis, denies them.

155.   Paragraph 155 and its subparts consist of allegations directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 155 or its subparts and, on that basis, denies them.

156.   Paragraph 156 and its subparts consist of allegations directed towards Baymont Inn and Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 156 or its subparts and, on that basis, denies them.

157.   Paragraph 157 and its subparts consist of allegations directed towards Super 8 and Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 157 or its subparts and, on that basis, denies them.

158.   Paragraph 158 and its subparts consist of allegations directed towards Microtel and Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 158 or its subparts and, on that basis, denies them.

159.   Paragraph 159 and its subparts consist of allegations directed towards Days Inn and Wyndh159 to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 or its subparts and, on that basis, denies them.

160.    Paragraph 160 and its subparts consist of allegations directed towards Wingate and Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 160 or its subparts and, on that basis, denies them.

161.    Paragraph 161 and its subparts consist of allegations directed towards Howard Johnson and Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 161 or its subparts and, on that basis, denies them.

162.    Paragraph 162 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 162 or its subparts and, on that basis, denies them.

163.    Paragraph 163 and its subparts consist of allegations directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 163 or its subparts and, on that basis, denies them.

164.    Paragraph 164 and its subparts consist of allegations directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 164 or its subparts and, on that basis, denies them.

165.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 165 and, on that basis, denies them.

166.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 166 and, on that basis, denies them.

167.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 167 and, on that basis, denies them.

168.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 168 and, on that basis, denies them.

169.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 169 and, on that basis, denies them.

170.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 170 and, on that basis, denies them.

171.     G6 denies all of the allegations of paragraph 171 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 171 and, on that basis, denies them.

172.     Paragraph 172 consists of allegations directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 172 and, on that basis, denies them.

173.     Paragraph 7173 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 173 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 173 and, on that basis, denies them.

174.     G6 denies all of the allegations of paragraph 174 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 174 and, on that basis, denies them.

175.     Paragraph 175 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 175 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 175 and, on that basis, denies them.

176.     Paragraph 176 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 176 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 176 and, on that basis, denies them.

177.     Paragraph 177 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 177 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 177 and, on that basis, denies them.

178.     Paragraph 178 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 178 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 178 and, on that basis, denies them.

179.     Paragraph 179 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 179 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 179 and, on that basis, denies them.

180.     Paragraph 180 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 180 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 180 and, on that basis, denies them.

181.     Paragraph 181 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 181 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 181 and, on that basis, denies them.

182.     Paragraph 182 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 182 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 182 and, on that basis, denies them.

183.     G6 denies all of the allegations of paragraph 183 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 183 and, on that basis, denies them.

184.    G6 denies all of the allegations of paragraph 184 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 184 and, on that basis, denies them.

185.    G6 denies all of the allegations of paragraph 185 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 185 and, on that basis, denies them.

186.    G6 denies all of the allegations of paragraph 186 and its subparts as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 186 or its subparts and, on that basis, denies them.

187.    Paragraph 187 consists of conclusions of law and legal argument to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 187 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 187 and, on that basis, denies them.

## CAUSES OF ACTION

### A.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

188.    G6 restates and incorporates by reference its responses to paragraphs 1 through 187 as though fully set forth herein.

189.    Paragraph 189 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 189 and, on that basis, denies them.

190.     Paragraph 190 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 190 and, on that basis, denies them.

191.     Paragraph 191 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 191 and, on that basis, denies them.

192.     Paragraph 192 consists of conclusions of law and legal argument directed towards Best Western to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 192 and, on that basis, denies them.

## B.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

193.     G6 restates and incorporates by reference each of its responses to paragraphs 1 through 192 as though fully set forth herein.

194.     Paragraph 194 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 194 and, on that basis, denies them.

195.     Paragraph 195 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 195 and, on that basis, denies them.

196.     Paragraph 196 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 196 and, on that basis, denies them.

197.     Paragraph 197 consists of conclusions of law and legal argument directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 197 and, on that basis, denies them.

### C.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

198.     G6 restates and incorporates by reference each of its responses to paragraphs 1 through 197 as though fully set forth herein.

199.     Paragraph 199 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 199 and, on that basis, denies them.

200.     Paragraph 200 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 200 and, on that basis, denies them.

201.     Paragraph 201 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 201 and, on that basis, denies them.

202.     Paragraph 202 consists of conclusions of law and legal argument directed towards ESA to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 202 and, on that basis, denies them.

### D.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

203.     G6 restates and incorporates by reference each of its responses to paragraphs 1 through 202 as though fully set forth herein.

204.     Paragraph 204 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 204 and, on that basis, denies them.

205.     Paragraph 205 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 205.

206.     Paragraph 206 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 206 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 206 and, on that basis, denies them.

207.     Paragraph 207 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 207 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 207 and, on that basis, denies them.

### E.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

208.    G6 restates and incorporates by reference each of its responses to paragraphs 1 through 207 as though fully set forth herein.

209.    Paragraph 209 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 209 and, on that basis, denies them.

210.    Paragraph 210 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 210 and, on that basis, denies them.

211.    Paragraph 211 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 210 and, on that basis, denies them.

212.    Paragraph 212 consists of conclusions of law and legal argument directed towards Wyndham to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 212 and, on that basis, denies them.

### F.  COUNT ONE – 18 U.S.C. § 1595 ("TVPRA")

213.   G6 restates and incorporates by reference each of its responses to paragraphs 1 through 212 as though fully set forth herein.

214.   Paragraph 214 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 214 and, on that basis, denies them.

215.   Paragraph 215 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 215 and, on that basis, denies them.

216.   Paragraph 216 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 216 and, on that basis, denies them.

217.   Paragraph 217 consists of conclusions of law and legal argument directed towards Choice to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 217 and, on that basis, denies them.

### **PRAYER FOR RELIEF**

G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

*        *        *

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.     The Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.     The Complaint, and each cause of action set forth therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties over whom G6 had no right of control.

### Third Affirmative Defense

(Fault of Third Parties/Apportionment of Fault)

3.     The Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including other parties in this case and/or third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, contributory negligence, contribution, equitable allocation, recoupment, set-off, and/or comparative fault.

### Fourth Affirmative Defense

(Statutes Vague and Ambiguous)

4.     The Complaint, and each cause of action asserted therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

5.      The Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

## Sixth Affirmative Defense

### (No Vicarious Liability)

6.      The Complaint is barred in whole or in part because the alleged acts or omissions, if any, were not committed by agents or employees of G6 or, alternatively, were not committed within the scope of employment or authority conferred by G6 nor subsequently ratified by G6.

## Seventh Affirmative Defense

### (Statute of Limitations)

7.      The Complaint, and each cause of action asserted therein, is barred in whole or in part by applicable statutes of limitations.

## Eighth Affirmative Defense

### (Laches)

8.      The Complaint, and each cause of action asserted therein, is barred in whole or in part by the doctrine of laches.

## Ninth Affirmative Defense

### (No Liability Prior to Existence)

9.      The Complaint, and each cause of action set forth therein, is barred in whole or in part because G6 was not in existence during part or all of the time period of the incidents alleged in the Complaint, and therefore is not responsible or liable for any conduct that occurred prior to its existence, including but not limited to any liability as a successor entity.

## Tenth Affirmative Defense

(No Punitive Damages)

10.     The Complaint, and each cause of action set forth therein, fails to establish that G6 acted with intentional and outrageous conduct as required to justify the imposition of punitive damages under federal common law.

## Eleventh Affirmative Defense

(Injunctive Relief Unavailable)

11.     Plaintiff's request for mandatory injunctive relief is barred in whole or in part because (1) to the extent Plaintiff is entitled to any relief at all, she has an adequate remedy at law, and (2) the injunction requested is unenforceable and/or would require the constant supervision of the Court.

## Twelfth Affirmative Defense

(Reservation)

12.     G6 expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, G6 prays for judgment as follows:

1.  That Plaintiff's Complaint be dismissed with prejudice;

2.  That Plaintiff take nothing by her Complaint;

3.  That judgment be rendered in G6's favor;

4.  That G6 be awarded all costs of suit incurred herein; and

5.  That the Court award such other and further relief as it deems just and proper.

By: */s/    Isabel A. Crosby*
Isabel A. Crosby
Texas Bar No. 24050226
**DLA PIPER LLP (US)**
1000 North Pearl Street Suite 2200
Dallas, TX 75201
Telephone:  214.743.4500
Facsimile:   972.813.6265
Email: Isabel.Crosby@us.dlapiper.com

Angela C. Agrusa (*pro hac vice application forthcoming*)
California Bar No. 131337
Shannon E. Dudic (*pro hac vice application pending*)
California Bar No. 261135
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300
Email Angela.Agrusa@us.dlapiper.com
Email: Shannon.Dudic@us.dlapiper.com

*Attorneys for Defendant G6 HOSPITALITY LLC*

## CERTIFICATE OF SERVICE

I, Isabel Crosby, hereby certify that on the 15th day of May, 2020 I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ Isabel A. Crosby*
Isabel A. Crosby