UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E.S., an individual, | CIVIL ACTION NO. 3:20-CV-00050-M |
| Plaintiff, | Chief Judge Barbara M. G. Lynn |
| v. | |
| BEST WESTERN INTERNATIONAL, INC.; MARRIOTT INTERNATIONAL, INC; ESA MANAGEMENT, LLC; G6 HOSPITALITY, LLC; WYNDHAM HOTELS AND RESORTS, INC; AND CHOICE HOTELS INTERNATIONAL, INC. | |
| Defendants. | |

**REPLY MEMORANDUM FOR DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Best Western International, Inc. ("BWI") herein submits its memorandum in reply to plaintiff's opposition and in further support of BWI's Motion to Dismiss plaintiff's First Amended Complaint, and asserts the following reply:

Plaintiff's opposition does not address the numerous pleading deficiencies in her First Amended Complaint, including that she falsely – and in direct contradiction of publicly-available documents – alleges that BWI owns and operates the two Best Western branded hotel locations identified in the First Amended Complaint, and fails to provide any specificity such as dates, times, or facts related to her alleged trafficking at the Best Western branded hotel locations. She likewise makes no attempt to demonstrate BWI's specific conduct or knowledge BWI had – as opposed to the hotel owners and their staff, which she chose not to sue – regarding alleged trafficking of the plaintiff.

The First Amended Complaint is an ill-conceived crusade against hotel brands, not the traffickers or actual hotel operators or owners, and it should be dismissed.

## I. 2075 NORTH HIGHWAY 360 IN GRAND PRAIRIE WAS NOT A BEST WESTERN BRANDED HOTEL DURING PLAINTIFF'S ALLEGED TRAFFICKING.

As stated in BWI's Motion to Dismiss, the hotel at 2075 North Highway 360, Grand Prairie, Texas 75050 was not a Best Western branded hotel during the dates of plaintiff's alleged trafficking. *See* Dkt. 55 at pp. 5 – 6. It is undisputed the premises was *not* a Best Western branded hotel property (it was a Choice branded hotel). *See* Dkt. 55 at pp. 5 – 6; *see also* Dkt. 55-4 – 6. Plaintiff's counsel's refusal to correct the First Amended Complaint in this regard is a gross breach of professional responsibility. The Court should dismiss all allegations against BWI regarding alleged sex trafficking at 2075 North Highway 360, Grand Prairie, Texas 75050.

## II. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER BWI.

When a defendant raises the defense of lack of personal jurisdiction, the plaintiff must establish jurisdiction, but may not do so by merely resting on the pleadings as plaintiff has done here. Rather, she must adduce evidence of specific facts to establish a prima facie case for personal jurisdiction. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The First Amended Complaint alleges that the alleged tortious acts committed by her traffickers occurred in Texas at hotel locations owned, controlled, supervised or operated by BWI. *See* Dkt. 46 at ¶¶ 22 – 23. These allegations are not true and cannot be used as a basis for jurisdiction. *See* Dkt. 55 at pp. 6 – 9. Public records from Tarrant County show that BWI does not own these properties. *See* Dkt. 55-1 – 6. The Membership Agreements with the owners of these properties likewise show that BWI does not own, control or supervise these locations. *See* Dkt. 55-7 – 8. The Court is permitted to consider these materials on a motion to dismiss. *See Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007).

### III. PLAINTIFF DOES NOT ALLEGE A PLAUSIBLE TVPRA CLAIM.

#### A. There is no Congressional Intent to Apply the TVPRA to Claims before December 23, 2008.

Plaintiff argues her claim under the TVPRA was tolled due to her trafficker's use force and coercion, and argues "any ruling on the statute of limitations or the retroactive nature of the conduct is inappropriate for adjudication at the pleadings stage." *See* Dkt. 77 at p. 13. Notwithstanding arguments for equitable tolling, plaintiff fails to address BWI's argument that her claims under the TVPRA should be limited, at a minimum, to December 23, 2008 through 2011 (the alleged end date of her alleged trafficking). *See* Dkt. 55 at pp. 17 – 18. Plaintiff should not be permitted to rely on the favorable portions of decisions such as *M.L. v. Craigslist, Inc.*, 3:19-cv-6153, Dkt. 62 (W.D. Wash. Apr. 17, 2020) (wherein the Court determined plaintiff sufficiently pled facts to allege violations of the TVPRA) while simultaneously ignoring unfavorable restrictions on the application of the TVPRA's statute of limitations. *See M.L.*, 3:19-cv-6153, Dkt. 62 at p. 10 ("Because the statute does not contain a clear intent to apply retroactively, the "financial benefit" cause of action may only apply to conduct occurring on or after December 23, 2008 – the 2008 amendment's effective date.") (internal citations omitted).

#### B. Plaintiff's Opposition Contradicts Allegations in the First Amended Complaint.

Plaintiff's First Amended Complaint ambiguously asserts two claims against BWI under the TVPRA: (1) a claim that BWI **participated** in the trafficking of E.S. in violation of Section 1591 (*see* Dkt. 46 at ¶ 190) and (2) a claim that BWI financially benefitted from E.S. trafficking with actual or constructive notice of the trafficking in violation of 1595. *Id.* at ¶ 191. As to the first claim, she states in her opposition for the first time that her theory of liability against BWI is not premised on Section 1591, but solely upon the "standalone financial beneficiary" clause of Section 1595. *See* Dkt. 77 at p. 11. This is confusing, clearly contradictory, and underscores

BWI's argument that the First Amended Complaint cannot withstand a motion to dismiss and highlights her "shotgun pleading" approach. *See* Dkt. 55 at pp. 11 – 13.

C.  **Plaintiff Misstates the Law and Ignores Relevant Case Law on the TVPRA.**

Plaintiff's opposition chastises BWI for relying on a handful of federal court decisions outside of the Fifth Circuit. *See* Dkt. 77 at pp. 9. This is a stunning critique given the case law she cites in her opposition. *Id*. at pp. 2, 7 – 12. For example, plaintiff cites to a pair of TVPRA memorandum decisions from the Southern District of Ohio, *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) and *H.H. v. G6 Hospitality, LLC*, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019)*. See* Dkt. 77 at pp. 10 – 11. These Ohio cases – clearly not within the Fifth Circuit and which rely on the Supreme Court case of *Conley v. Gibson*, 355 U.S. 41 (1957) – do not apply the appropriate motion to dismiss standard, which was replaced over thirteen years ago by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563 (2007) ("[T]here is no need to pile up further citations to show that *Conley*'s "not set of facts" language has been questioned, criticized, and explained away long enough…after puzzling the profession for 50 years, this famous observation has earned its retirement.").

Plaintiff's opposition also ignores the set of four TVPRA memorandum decisions in the Northern District of Georgia in which District Court Judge Ray – applying the correct motion to dismiss standard – granted corporate hotel brand defendants' motions to dismiss. *See Jane Doe 1 v. Red Roof Inns, Inc.*, 1:19-cv-03840-WMR at Doc. 241 (N.D. Ga. Apr. 13, 2020); *Jane Doe 2 v. Roof Inns, Inc.*, 1:19-cv-03841-WMR (N.D. Ga. Apr. 13, 2020); *Jane Doe 3 v. Roof Inns, Inc.*, 1:19-cv-03843-WMR (N.D. Ga. Apr. 13, 2020); *Jane Doe 4 v. Roof Inns, Inc.*, 1:19-cv-03845-WMR (N.D. Ga. Apr. 13, 2020); *see also* Dkt. 55 at pp. 22 - 23. Indeed, as codefendant Choice Hotels International, Inc. pointed out in its Motion to Dismiss in this case, the Court in *L.W. v. Hilton Worldwide Holdings, Inc.*, 4:19-cv-4172 (S.D. Texas Mar. 17, 2020), was inclined to

dismiss the plaintiff's TVPRA Complaint in that case, as it only named, as here, the hotel branding entities (*e.g.* Hilton), and not individual hotel owners/franchisees. *Id.* at p. 12; *see also* Dkt. 56-1 at p. 12. In fact, following oral argument on the hotel branding entities' Motions to Dismiss in *L.W.*, the plaintiff amended her Complaint to remove the Hilton brands and instead named only the hotel owner as a defendant; she then dismissed the hotel brand entities. *See L.W.*, 4:19-cv-4172 at Dkt. 40 & 42 (S.D. Texas Apr. 1, 2020).

Plaintiff also relies on *Gilbert v. United States Olympic Committee*, 2019 U.S. Dist. LEXIS 166957 at *48 – 49 (D. Colo. Sept. 27, 2019) for the proposition that a defendant need not have benefitted overtly from the trafficking venture to be liable under Section 1595. *See* Dkt. 77 at p. 10. *Gilbert*, however, addresses application of Section 1595 only as to an underlying claim of forced labor and services under Section 1589(a). *Gilbert*, 2019 U.S. Dist. LEXIS 166957 at * 15 – 17. There are no allegations in this case about forced labor.

Plaintiff also argues that BWI's reliance in *United States v. Afyare*, 632 F. Appx 272 (6th Cir. 2016) regarding the definition of "venture" is misplaced because *Afyare* relates to a direct violation of Section 1591. *See* Dkt. 77 at 44 – 45. <u>So does plaintiff's First Amended Complaint in this case</u>. In Paragraph 190 of the First Amended Complaint she alleges "BWI **participat[ed] in and facilitat[ed] the harboring and providing** of E.S. for the purposes of commercial sex induced by force, fraud, or coercion…" *See* Dkt. 46 at ¶ 190. (Emphasis added). This language is a direct quote from Section 1591(a). Accordingly, BWI's reliance on *Afyare* is most certainly appropriate in light of plaintiff's allegations.

Moreover, plaintiff's opposition likewise relies on case law concerning direct liability under Section 1591, such as *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276 (D. Conn. 2013). *See* Dkt. 77 at p. 10. In that case, unlike here, the plaintiff pled specific facts concerning the defendants' actual knowledge of the plaintiff's sexual abuse, including the allegation that the

defendants had been instructed by a codefendant to refer plaintiffs to the codefendant for financial assistance, which the codefendant would use as leverage to elicit sexual favors. *Jean-Charles*, 937 F. Supp. 2d at 288. The allegations in plaintiff's First Amended Complaint here are nothing like those in *Jean-Charles*. The theory here is that BWI rented rooms to plaintiff's traffickers, not that BWI *knew* it was renting rooms to her traffickers. *See* Dkt. 46 at ¶¶ 57, 191; Dkt. 77 at p. 14. Although there is no evidence BWI rented any rooms to anyone, the allegations in the First Amended Complaint are insufficient to establish a potential TVPRA violation.

Plaintiff's reference to *Brown v. Corr. Corp. of Am.*, F. Supp. 2d 73, 81 (D.D.C. 2009) is likewise misplaced. In *Brown*, the District Court denied defendant's motion to dismiss *Section 1983* claims (a wholly inapplicable and irrelevant standard of "willful blindness") in part because the plaintiff alleged facts of repeated sexual harassment at defendant's correctional facility. *Id.* at 81-82. Here, the First Amended Complaint does not allege a single prior incident (or even allegation) of sexual misconduct or trafficking at the Best Western branded hotels identified, let alone that BWI knew or should have known plaintiff was being trafficked there. Nothing in the First Amended Complaint can be reasonable construed as sufficient evidence to put BWI on notice of alleged sex trafficking at these hotels. As shown through documents the Court can consider on a motion to dismiss, BWI does not own or operate the hotels in the First Amended Complaint and does not employ any personnel who work there. And the only paragraphs that plaintiff cites in her opposition to support a theory of notice by BWI are paragraphs 111, 152, 173 and 174 (*see* Dkt. 77 at p. 18), but those paragraphs apply to all the hotel brand defendants, are purely conclusory, and are non-specific as to BWI.

The First Amended Complaint also fails to allege specific facts under Section 1595 that BWI participated in a "venture" contemplated by the statute. *See Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 – 757 (M.D. Pa. 2007) (dismissing claims against church diocese for priest's sexual

abuse of minor where plaintiff failed to establish the diocese shared criminal intent); *La. Mun. Police Emples. Ret. Sys. v. Hershey Co.*, 2013 Del. Ch. LEXIS 273 at *28 – 30 (Del. Ch. Aug. 16, 2013) (allegations about defendant's general knowledge of illegal trafficking in African cocoa farms was not a plausible basis to allege defendant participated in child labor trafficking.)

Plaintiff's opposition fails to address *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017), which is the only federal appellate decision addressing TVPRA liability. In *Ricchio*, the plaintiff alleged that the hotel owners and employees observed the plaintiff's physical abuse, ignored her pleas for help, and worked with the plaintiff's trafficker in his trafficking operation. *Id*. at 555. No such allegations exist here.

### D. BWI is not an Agent or Alter Ego of the Hotels in the First Amended Complaint.

Plaintiff also argues that in addition to direct liability, BWI is indirectly liable for plaintiff's alleged sex trafficking under a theory of agency/alter ego for the actions of the hotel owners and their employees. *See* Dkt. 77 at pp. 15 – 18. To support this theory, plaintiff makes much ado about branding, marketing and loyalty programs. She also alleges BWI handles hotel employee training and management. *Id*. at p. 17. BWI does not maintain control over employee training or hotel management. As set forth in the BWI Membership Agreements, the hotel owner, not BWI, has total responsibility and control over the use, condition and operation of each hotel, including the employment and supervision of employees. The Membership Agreement (which the Court is permitted to consider on a motion to dismiss because it is referred to in the First Amended Complaint and is central to her claims against BWI (*see Vanderbrook*, 495 F.3d at 205)), expressly states:

> Best Western is a non profit corporation operated on a cooperative basis by and for its  hotelier members. The relationship of Best Western to its members is one of an   independent contractor. Neither Party has the power to obligate or bind the other in any   way. No relationship of partners, joint venturers or agents is created. BEST WESTERN ONLY PROVIDES SERVICES AS DIRECTED BY

4836-6254-6112.1                                               7

>THE MEMBERSHIP. BEST WESTERN HAS NO RESPONSIBILITY FOR THE USE, CONDITION OR OPERATION OF THE HOTEL OR THE SAFETY OF THE DESIGN OF ANY STRUCTURE OR PRODUCT. BEST WESTERN HAS NO CONTROL OVER OR RESPONSIBILITY FOR ANY DECISION AFFECTING THE EMPLOYMENT OR SUPERVISION OF ANY PERSON EMPLOYED IN CONNECTION WITH THE HOTEL.

*See* Dkt. 55-7 at ¶ 17; Dkt. 55-8 at ¶ 17 (Emphasis in original).

Neither this theory nor these allegations are not supported by the National Labor Relations Board ("NLRB"), whose final rule for determining joint-employer status under the National Labor Relations Act ("NLRA") is that to be a "joint employer," a business must possess and exercise such substantial direct and immediate control over one or more essential terms and conditions of employment of another's employees as would warrant a finding that the business meaningfully affects matters relating to the employment relationship. *See* https://www.nlrb.gov/about-nlrb/what-we-do/national-labor-relations-board-rulemaking/standard-determining-joint-employer. BWI does not exercise direct or immediate control over the employees who work at its independently owned and operated member hotels, and cannot be held liable as a joint employer.

Plaintiff has not alleged that BWI exerts significant amounts of control over the day-to-day business operations of its independently owned hotels. *See Arquello v. Cononco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000) (since contract language did not establish that the franchisor had any participation in the daily operations of the branded stores or that the franchisor participated in making personnel decisions, no agency relationship existed between franchisor and franchisee); *see also Cardinal Health Solutions, Inc. v. Valley Baptist Medical Center*, 643 F. Supp. 2d 883, 888 (S.D. Texas 2008). As stated in BWI's Motion to Dismiss, offering services and assistance to hotels on advertising or a loyalty reward program does not equate with management or control over the hotel or an employment relationship. *See* Dkt. 55 at p. 11; *see also Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1327 (7th Cir. 1979) (use of a trademark

"does not automatically saddle the licensor with the responsibilities under state law of a principal for his agent"); *Carris v. Marriott Int'l, Inc.*, 466 F.3d 558, 562 (7th Cir. 2006) (assumption of apparent agency between corporate hotel brand and franchisee unreasonable and "plaintiff should have inquired into the ownership [of the property] rather than assume it was owned by Marriott."); *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d 1029, 1041 (M.D. Fla. 2009) (franchisee's use of franchisor's reservation system did not establish agency relationship); *Braucher v. Swagat Group, LLC*, 702 F. Supp. 2d 1032, 1044 – 1045 (C.D. Ill. 2010) (franchisee's use of franchisor's toll-free reservation number insufficient to create agency relationship); *Scovil v. FedEx Ground Package Sys.*, 886 F. Supp. 2d 45, 53 (D. Me. 2012) (holding the right of control is the most important fact in determining whether a franchisor is vicariously liable for the conduct of its franchisee's employees). As BWI does not own, operate or control the independently owned hotels in the First Amended Complaint, BWI cannot be held indirectly liable to plaintiff under a theory of agency/alter ego.

## **CONCLUSION**

Plaintiff's opposition further muddles the allegations in her First Amended Complaint and underscores the level of clarity needed, but lacking, to allege a plausible cause of action against BWI. She does not cite Fifth Circuit or Texas state court cases that require the Court to deny BWI's Motion to Dismiss and ignores evidence that justifies granting BWI's Motion to Dismiss. Plaintiff's parade of non-specific, generalized and vague allegations of sex trafficking do not establish a possibility that BWI is liable under the TVPRA, and BWI respectfully requests the Court grant its Motion to Dismiss in its entirety.

Dated: June 19, 2020

Respectfully submitted,

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

/s/ *Karen L. Campbell*
Karen L. Campbell (Admitted *Pro Hac Vice*)
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
Karen.Campbell@lewisbrisbois.com

-and-

Nichol L. Bunn
State Bar No. 00790394
Nichol.Bunn@LewisBrisbois.com
Amber R. Pickett
State Bar Number 24058046
Amber.Pickett@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (972) 638-8664
**ATTORNEYS FOR DEFENDANT**
**BEST WESTERN INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify on the 19th day of June, 2020, the foregoing was served on counsel of record through the Court's electronic filing system, and paper copies will be sent to all parties without an appearance by conventional mail.

/s/ *Karen L. Campbell*
Karen L. Campbell