UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| E.S., an individual, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BEST WESTERN INTERNATIONAL, INC.; | § | |
| MARRIOTT INTERNATIONAL, INC.; | § | Civil Action No. 3:20-cv-00050-M |
| EXTENDED STAY AMERICA, INC.; | § | |
| G6 HOSPITALITIY, LLC; WYNDHAM | § | |
| HOTELS AND RESORTS, INC.; AND | § | |
| CHOICE HOTELS INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ............................................................................................... 1

II.  ARGUMENTS & AUTHORITIES ......................................................................................... 1

   A.   The Complaint Lacks Well-Pled Allegations That Plaintiff Was Trafficked After The Effective Date Of The 2008 Amendment To Section 1595(a). .............. 1

   B.   The Complaint Fails To Plausibly Allege That WHRI Participated In A TVPRA "Venture" With Plaintiff's Alleged Trafficker. ....................................... 2

   C.   The Complaint Fails To Plausibly Allege That WHRI Knowingly Benefited From Participating In A TVPRA "Venture." ........................................ 6

   D.   The Complaint Does Not Plausibly Allege That WHRI Knew Or Should Have Known Of Plaintiff's Alleged Trafficking. ................................................... 7

   E.   The Complaint Does Not Plausibly Allege Vicarious Liability. ........................... 9

III. CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.B. v. Marriott Int'l, Inc.*,
   CV 19-5770, 2020 WL 1939678 (E.D. Pa. Apr. 22, 2020) ................................................... 3, 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 1

*Bistline v. Parker*,
   918 F.3d 849 (10th Cir. 2019) ................................................................................................. 3

*Boyle v. United States*,
   556 U.S. 938 (2009) ................................................................................................................ 2

*Brown v. Corr. Corp. of Am.*,
   603 F. Supp. 2d 73 (D.D.C. 2009) .......................................................................................... 9

*Del Castillo v. PMI Holdings N. Am. Inc.*,
   4:14-CV-3435, 2015 WL 3833447 (S.D. Tex. June 22, 2015) ................................................ 6

*Doe 1 v. Red Roof Inns, Inc.*,
   1:19-CV-03840-WMR, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020) ......................... 3, 8, 10

*Doe S.W. v. Lorain-Elyria Motel, Inc.*,
   2:19-CV-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020) .............................................. 6

*Domino's Pizza, L.L.C. v. Reddy*,
   09-14-00058-CV, 2015 WL 1247349 (Tex. App.—Beaumont Mar. 19, 2015,
   pet. denied) ........................................................................................................................... 10

*Fitz v. Days Inns Worldwide, Inc.*,
   147 S.W.3d 467 (Tex. App.—San Antonio 2004, pet. denied) ............................................. 10

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ................................................................................. 4, 7

*Gilbert v. United States Olympic Comm.*,
   423 F. Supp. 3d 1112 (D. Colo. 2019) .................................................................................... 3

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ................................................................................................................ 9

*Gonzalez v. CoreCivic, Inc.*,
　1:18-CV-169-LY, 2019 WL 2572540 (W.D. Tex. Mar. 1, 2019) ............................................2

*H.H. v. G6 Hospitality, LLC*,
　2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019).......................................................5

*J.C. v. Choice Hotels Int'l, Inc.*,
　20-CV-00155-WHO, 2020 WL 3035794 (N.D. Cal. June 5, 2020).....................................8, 9

*Jean-Charles v. Perlitz*,
　937 F. Supp. 2d 276 (D. Conn. 2013)..................................................................................3, 9

*Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*,
　10 Civ. 4124, 2013 WL 6816174 (W.D. Ark. Dec. 24, 2013)...................................................7

*Lawson v. Rubin*,
　17-CV-6404 (BMC), 2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018),
　*reconsideration denied,* 2018 WL 7958928 (E.D.N.Y. June 11, 2018) .................................10

*M.L. v. craigslist, Inc., et al.*,
　3:19-cv-06153-BHS-TLF (W.D. Wash. Apr. 17, 2020)............................................................5

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
　425 F. Supp. 3d 959 (S.D. Ohio 2019) ...........................................................................5, 6, 9

*Muminov v. Muniraj Enterprises, Inc.*,
　6:11-CV-969-ORL-31, 2012 WL 760638 (M.D. Fla. Mar. 8, 2012) .....................................10

*Nears v. Holiday Hosp. Franchising, Inc.*,
　295 S.W.3d 787 (Tex. App.—Texarkana 2009, no pet.).........................................................10

*Noble v. Weinstein*,
　335 F. Supp. 3d 504 (S.D.N.Y. 2018).............................................................................4, 5, 9

*In re Parkcentral Glob. Litig.*,
　3:09-CV-0765-M, 2010 WL 3119403 (N.D. Tex. Aug. 5, 2010) ..........................................10

*Plaintiff A v. Schair*,
　2:11-CV-00145-WCO, 2014 WL 12495639 (N.D. Ga. Sept. 9, 2014) ...................................2

*Ratha v. Phatthana Seafood Co., Ltd.*,
　CV 16-4271-JFW, 2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) ....................................4, 5, 8

*Ricchio v. McLean*,
　853 F.3d 553 (1st Cir. 2017)..................................................................................................3, 6

*St. Louis v. Perlitz*,
　3:13-CV-1132, 2016 WL 1408076 (D. Conn. Apr. 8, 2016).....................................................2

*Timberwalk Apartments, Partners, Inc. v. Cain*,
    972 S.W.2d 749 (Tex. 1998) .................................................................................................. 9

*United States v. Afyare*,
    632 F. App'x 272 (6th Cir. 2016) .................................................................................. 3, 4, 5

*Whitfield v. Century 21 Real Estate Corp.*,
    484 F. Supp. 984 (S.D. Tex. 1979) ...................................................................................... 10

**Statutes**

18 U.S.C. § 1591(a) ................................................................................................................. 4, 7

18 U.S.C. § 1591(e) ........................................................................................................... 2, 3, 4, 7

18 U.S.C. § 1595(a) ........................................................................................................ 1, 3, 4, 5, 7

42 U.S.C. § 1983 ............................................................................................................................ 9

Pub. L. No. 106-386, Div. A, § 112(a)(2) (2000) ......................................................................... 4

Pub. L. No. 110–457, Title II, § 221(2), 122 Stat. 5044 (2008) ................................................... 1

Pub. L. No. 115-164, § 5, 132 Stat. 1253, 1255 (2018) ................................................................ 4

**Other Authorities**

BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) ........................................................................ 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006) ..................................................................... 10

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI"), incorrectly named as Wyndham Hotels and Resorts, Inc., submits this Reply in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

## I.   PRELIMINARY STATEMENT

WHRI has moved to dismiss the Complaint because it impermissibly relies on general allegations about sex trafficking at twenty hotels over five years, but it does *not* allege that anyone at WHRI knew or should have known that Plaintiff was being trafficked or that WHRI otherwise knowingly benefited from "participation" in a TVPRA "venture" with Plaintiff's trafficker. Indeed, Plaintiff's opposition does not refute these deficiencies, but instead argues that the TVPRA broadly requires private businesses to prevent sex trafficking and subjects them to civil liability if they are not successful in doing so. Plaintiff's theory of liability is not supported by the plain text of the TVPRA, and the Complaint should be dismissed as to WHRI.

## II.   ARGUMENTS & AUTHORITIES

### A.   The Complaint Lacks Well-Pled Allegations That Plaintiff Was Trafficked After The Effective Date Of The 2008 Amendment To Section 1595(a).

Plaintiff's claim arises from the 2008 amendment to the TVPRA providing for civil liability against entities other than traffickers. The 2008 amendment to Section 1595(a) does *not* apply retroactively, as confirmed by every court that has addressed this issue. Dkt. 61, at 3-5. Plaintiff does not dispute this point. Nor does Plaintiff dispute the absence of any allegation that she was trafficked at a Wyndham-branded hotel on or after December 23, 2008, the effective date of the 2008 amendment. *See* Pub. L. No. 110–457, Title II, § 221(2), 122 Stat. 5044 (2008). Rather, Plaintiff alleges that she was trafficked between 2006 to 2011, without alleging when she was trafficked at any particular hotel. Such sweeping allegations are insufficient. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely

1

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

Plaintiff attempts to avoid dismissal by arguing that a ruling on "the retroactive nature" of the TVPRA "is inappropriate for adjudication at the pleadings stage." Dkt. 76, at 13. Plaintiff is wrong. Cases can and should be dismissed for failure to state a claim on retroactivity grounds, including cases arising under the TVPRA, if a plaintiff fails to specifically and plausibly allege conduct occurring after the effective date of a statute. *See, e.g.*, *Gonzalez v. CoreCivic, Inc.*, 1:18-CV-169-LY, 2019 WL 2572540, at *3 (W.D. Tex. Mar. 1, 2019) ("[T]he court concludes that Gonzalez may only bring claims under the 'financial benefit' prong for violations of the TVPA after the 2008 amendment's effective date."); *St. Louis v. Perlitz*, 3:13-CV-1132 (RNC), 2016 WL 1408076, at *4 (D. Conn. Apr. 8, 2016). Without well-pled factual allegations that Plaintiff was trafficked at a Wyndham-affiliated hotel on or after the effective date of the 2008 amendment, the Complaint fails to state a claim against WHRI.

### B. The Complaint Fails To Plausibly Allege That WHRI Participated In A TVPRA "Venture" With Plaintiff's Alleged Trafficker.

Similarly, the Complaint fails to allege that WHRI participated in a TVPRA "venture" with Plaintiff's alleged trafficker; Plaintiff simply does not allege that WHRI shared any common purpose, operated as a continuing unit, or otherwise "associated in fact" with the alleged trafficker. *See* Dkt. 61, at 5-10; 18 U.S.C. § 1591(e)(6) (defining "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity"); *Boyle v. United States*, 556 U.S. 938, 948 (2009) (recognizing in the RICO context that, in order for persons to be "associated in fact," they must operate as a "continuing unit that functions with a common purpose"); *Plaintiff A v. Schair*, 2:11-CV-00145-WCO, 2014 WL 12495639, at *2 (N.D. Ga. Sept. 9, 2014) ("The TVPA's civil remedy operates in the same manner as the federal

2

Racketeer Influenced and Corrupt Organizations Act . . . ."); *accord Doe 1 v. Red Roof Inns, Inc.*, 1:19-CV-03840-WMR, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020) (dismissing TVPRA claim against hotel franchisors and their corporate affiliates, including WHRI, where there was no allegation that they "ever dealt with" the plaintiff or the alleged traffickers).

Plaintiff attempts to sidestep WHRI's argument by mischaracterizing it. For instance, Plaintiff responds to an argument that WHRI does not make, arguing that the definition of "participation in a venture" in Section 1591(e)(4) does not apply to the same phrase in Section 1595(a) on the basis that it would "void" the "knew or should have known" language from Section 1595(a). Dkt. 76, at 10. WHRI does not rely on the definition of the phrase "participation in a venture." Rather, WHRI relies on the definition of "venture" in Section 1591(e)(6). That definition applies to Section 1595(a). Courts (including those cited by Plaintiff) consistently rely on that definition of "venture" when construing civil claims under the TVPRA. *See, e.g.*, *Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017); *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019); *Jean-Charles v. Perlitz,* 937 F. Supp. 2d 276, 288 n.11 (D. Conn. 2013); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1137 (D. Colo. 2019).

Alternatively, Plaintiff argues that the TVPRA imposes a "statutory duty for businesses, including Wyndham, to train and monitor in prevention of sex trafficking." Dkt. 76, at 13-14. That argument ignores the text of the TVPRA, which that requires "participation" in a TVPRA "venture" that commits trafficking crimes. 18 U.S.C. § 1595(a). The TVPRA does not reach alleged nonfeasance (i.e., the failure to prevent trafficking). *See, e.g.*, *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (explaining that "mere negative acquiescence" is insufficient); *A.B. v. Marriott Int'l, Inc.*, CV 19-5770, 2020 WL 1939678, at *8 (E.D. Pa. Apr. 22, 2020) (recognizing that the TVPRA does not "impose a duty to prevent trafficking" or

3

otherwise require businesses to "affirmatively stop trafficking");[1] *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018); *Ratha v. Phatthana Seafood Co., Ltd.,* CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017).

Plaintiff also attempts to distinguish *Afyare*, in which the court of appeals found that the TVPRA's use of the term "participation" requires proof that the defendant committed "overt acts" in furtherance of the venture that committed trafficking crimes. It is true that *Afyare* arose in the context of a criminal claim, but "[a]part from the constructive knowledge provision, the operative language of the TVPA civil remedy and the underlying criminal statute are identical." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 n.5 (S.D.N.Y. 2019)). Both provisions require "participation" in a "venture" that commits sex trafficking crimes.[2] Moreover, contrary to Plaintiff's argument, the court of appeals did not rely on the definition of "participation in a venture" from 18 U.S.C. § 1591(e)(4). Nor could it have. *Afyare* was decided *before* Congress amended 18 U.S.C. § 1591(e) to add the definition of the phrase "participation in a venture." *See* Pub. L. No. 115-164, § 5, 132 Stat. 1253, 1255 (2018).[3] The court of appeals construed the term "participation" in accordance with its plain meaning, and that same meaning applies to civil claims under Section 1595(a). *See* BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) (defining "participation" as "[t]he act of taking part in something, such as a partnership, a

---

[1] The court in *A.B.* denied a motion to dismiss by a hotel franchisor on the narrow grounds that the complaint alleged an agency relationship between the franchisor and the independent third-party franchisees at issue despite the fact that the TVPRA does not provide for secondary liability.

[2] *Compare* 18 U.S.C. § 1591(a)(2) ("Whoever knowingly . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1) . . . ."), *with* 18 U.S.C. § 1595(a) ("[W]hoever knowingly benefits, financially or by receiving anything of value from participation in a venture [that] . . . has engaged in an act in violation of this chapter"—e.g., Section 1591(a)(1)).

[3] In contrast, the TVPRA's definition of "venture" has been in place since the enactment of the Trafficking Victims Protection Act of 2000. *See* Pub. L. No. 106-386, Div. A, § 112(a)(2) (2000).

crime . . . ."). Several courts have relied on the *Afyare* decision in construing civil claims under Section 1595(a). *See, e.g.*, *Noble*, 335 F. Supp. 3d at 524; *Ratha,* 2017 WL 8293174, at *4.

Finally, Plaintiff cites to a series of cases from the Southern District of Ohio, all decided by the same judge, denying motions to dismiss. Among other errors, the court in those cases applied the pre-*Twombly* dismissal standard, stating that it could not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 962 (S.D. Ohio 2019) (Marbley, J.) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).[4] The court also concluded that hotel franchisors are "parent companies" of independent third-party franchisees, which was not alleged and is not accurate. *See H.H. v. G6 Hospitality, LLC*, 2:19-CV-755, 2019 WL 6682152, at *6 (S.D. Ohio Dec. 6, 2019) (Marbley, J.) (referring to hotel brand franchisors as the "parent companies" to independent franchisees). The court also failed to give consideration to the "associated in fact" requirement. Even so, the court required allegations of "a continuous business relationship between the trafficker and the hotels such that

---

[4] Plaintiff also makes a passing reference to a case pending in the Western District of Washington, wherein the magistrate judge recommended that WHRI's motion to dismiss be denied. *See* Report and Recommendation (Dkt. 62), *M.L. v. craigslist, Inc., et al.*, 3:19-cv-06153-BHS-TLF (W.D. Wash. Apr. 17, 2020)). In that case, the magistrate judge's recommendation hinged on the narrow grounds that WHRI owned and operated the Howard Johnson®-branded hotel at issue. *See M.L.*, 3:19-cv-06153-BHS-TLF, at 13-14 ("Plaintiff's complaint alleges that Wyndham actually owned, operated, and controlled the Howard Johnson location in Kent. . . . Accordingly, plaintiff has sufficiently plead [sic] a TVPRA claim against Wyndham as the owner and operator of the Howard Johnson hotel in Kent."). Contrary to the magistrate judge's finding, the complaint in *M.L.* alleged that WHRI (through a subsidiary) owned the Howard Johnson® "brand" as opposed to the hotel, which the plaintiff acknowledged was owned and operated by an independent franchisee (and co-defendant). WHRI has objected to the Report and Recommendation because, in addition to the franchisor-franchisee distinction, the complaint in that case fails to make well-pled allegations sufficient to support a reasonable inference that the operator of the hotel (i.e., the franchisee) "associated in fact" with the alleged traffickers. *See* Wyndham Hotels & Resorts, Inc.'s Objection to Report and Recommendation (Dkt. 94), *M.L. v. craigslist, Inc., et al.*, 3:19-cv-06153-BHS-TLF (W.D. Wash. May 15, 2020)).

5

it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A.*, 425 F. Supp. 3d at 970; *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-CV-1194, 2020 WL 1244192, at *6 (S.D. Ohio Mar. 16, 2020) (Marbley, J.).

In this case, the Complaint does not include any specific allegations involving trafficking at any particular hotel. *See, e.g.*, *Del Castillo v. PMI Holdings N. Am. Inc.*, 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("At a minimum, Plaintiffs should endeavor to explain what role each Defendant played . . . rather than grouping them together at all times."). The Complaint contains no details about the date, duration, or frequency of the alleged trafficking at particular sites, nor does it describe any interactions with staff. *See, e.g.*, Dkt. 46, at ¶¶ 165-74. It certainly does not allow for a plausible inference that the alleged trafficker "associated in fact" or otherwise maintained a "continuous business relationship" with the operators of the Wyndham-affiliated hotels, let alone WHRI. *Compare, e.g.*, *Ricchio,* 853 F.3d at 556 (finding allegations sufficient to state a claim against hotel operators—i.e., not hotel brand franchisors—under the TVPRA where they rented hotel rooms to a trafficker "for the purpose" of trafficking and where the "coercive and abusive treatment" of the Plaintiff "as a sex slave had become apparent" to the operators). The Complaint, therefore, should be dismissed for failing to allege that WHRI participated in a TVPRA "venture" with Plaintiff's alleged trafficker.

   **C. The Complaint Fails To Plausibly Allege That WHRI Knowingly Benefited From Participating In A TVPRA "Venture."**

Plaintiff argues that WHRI benefited from Plaintiff's alleged trafficking because it received royalties from franchised hotels where Plaintiff was allegedly trafficked and because WHRI did not spend more to combat trafficking, generally. *See* Dkt. 76, at 7-8. The TVPRA, however, requires a causal connection between the overt acts in furtherance of the TVPRA "venture" and the receipt of a "benefit." To hold otherwise would ignore the words "knowingly"

6

and "from" as used in Section 1595(a). *See Geiss*, 383 F. Supp. 3d at 169; 18 U.S.C. § 1595(a) (". . . knowingly benefits . . . from participation in a venture [that] . . . has engaged in an act in violation of this chapter . . . ."). At most, the Complaint suggests that WHRI benefited because certain subsidiary franchisors entered into franchise agreements with independent hotel owners and operators. It does not allege that WHRI knowingly benefited from participating in a TVPRA "venture" with Plaintiff's trafficker. Even as to the hotel owners and operators, the Complaint alleges that they benefited from renting rooms to the general public, not from participating in a TVPRA "venture." That is insufficient. *See Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013).

Plaintiff urges the Court to ignore the relevant cases (and, by implication, the plain text of the TVPRA) because the plaintiffs sought recovery for criminal violations of Section 1591(a), not stand-alone civil claims under Section 1595(a). Again, Section 1591(a)(2) and Section 1595(a) both require a showing that the defendant knowingly benefited from participating in a TVPRA "venture." *See Geiss*, 383 F. Supp. 3d at 169 n.5; *compare* 18 U.S.C. § 1591(a)(2), *with* 18 U.S.C. § 1595(a). Moreover, the plaintiff in *Geiss* sought recovery under the same 2008 TVPRA amendment as Plaintiff in this case. *See* First Amended Complaint (Dkt. 140), *Geiss v. Weinstein Co. Holdings, LLC, et al.*, 1:17-cv-09554-AKH (S.D.N.Y. Oct. 31, 2018). Plaintiff's criticisms lack merit, and Plaintiff's reading of the TVPRA's knowing benefit requirement is divorced from the text.

### D. The Complaint Does Not Plausibly Allege That WHRI Knew Or Should Have Known Of Plaintiff's Alleged Trafficking.

Finally, Plaintiff fails to allege that WHRI "knew or should have known" that the venture in which it is alleged to have participated forced Plaintiff to engage in commercial sex acts against her will. 18 U.S.C. §§ 1591(a), 1591(e)(2)-(3), 1595(a). Allegations that a defendant

knew or should have known about commercial sex activity, absent force or coercion, are insufficient. *See, e.g.*, *Doe 1*, 2020 WL 1872335, at *3 ("[T]he statute targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally."). Plaintiff's arguments concerning general awareness of the "prevalence" of commercial sex at hotels lack merit. *See* Dkt. 76, at 12. Allegations of general knowledge or the occurrence of commercial sex activity at hotels do not suggest that WHRI knew or should have known that Plaintiff was being trafficked, or that trafficking was occurring at the hotels identified in the Complaint. *See, e.g.*, *Doe 1*, 2020 WL 1872335, at *1 (striking allegations from complaint concerning general knowledge about sex trafficking in the hotel industry, as well as allegations concerning hotels not at issue); *Ratha*, 2017 WL 8293174, at *4 (finding allegations about the prevalence of trafficking and general complaints about working conditions at factory insufficient as a matter of law).

Plaintiff's reference to "signs" of trafficking that "would have alerted a diligent hotel brand" to her alleged victimization fares no better. Dkt. 76, at 12-13 (citing Dkt. 46, at ¶¶ 166-71). The hotel identified in those paragraphs is *not* a Wyndham branded hotel. The Complaint does not allege that anyone at WHRI or any Wyndham-affiliated hotel witnessed any abuse. Plaintiff also glosses over the fact that franchisors do not own, operate, manage, control the day-to-day operations of, or employ staff at franchised hotels. *See, e.g.*, *Doe 1*, 2020 WL 1872335, at *3 (dismissing TVPRA claim against hotel franchisors and their corporate affiliates, including WHRI, where there was no allegation that they "ever dealt with" the plaintiff or the alleged traffickers); *J.C. v. Choice Hotels Int'l, Inc.*, 20-CV-00155-WHO, 2020 WL 3035794, at *1 (N.D. Cal. June 5, 2020) (dismissing claims against hotel franchisors because there was no allegation that they knew or should have known of the plaintiff's trafficking). Nor does Plaintiff

8

plausibly allege that WHRI was willfully blind to her trafficking. Willful blindness requires facts supporting a plausible inference that WHRI (i) subjectively believed there was a high probability that Plaintiff was being trafficked and (ii) took deliberate steps to avoid confirming that Plaintiff was being trafficked. *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (stating the "two basic requirements" for willful blindness).[5] The Complaint is devoid of any such allegations.

### E. The Complaint Does Not Plausibly Allege Vicarious Liability.

Finally, Plaintiff contends that WHRI—even if it did not violate the TVPRA itself—should be held vicariously liable for the acts or omissions of independent third-party franchisees. Vicarious liability is not a basis for recovery under the TVPRA. *See, e.g.*, *Noble*, 335 F. Supp. 3d at 524 (rejecting arguments that would read "a form of liability into" the TVPRA that is not provided by the statute itself (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 183 (1994)); *Jean-Charles*, 937 F. Supp. 2d at 287 (rejecting argument that Section 1595 of the TVPRA allows for "secondary liability"). Even if it was, Plaintiff's allegations still fail. In assessing vicarious liability arguments, some courts have questioned whether federal or state agency law should govern the analysis. *See, e.g.*, *J.C.*, 2020 WL 3035794, at *1 (dismissing complaint where plaintiff failed to make adequate agency allegations, but questioning other courts' application of state law agency principles). In either

---

[5] Citing *M.A.*, Plaintiff argues further that the failure to implement policies sufficient to combat a known problem in one's operations can rise to the level of willful blindness. *M.A.*, however, relies on a case analyzing a claim under 42 U.S.C. § 1983. Dkt. 29, at 12 (citing *Brown v. Corr. Corp. of Am.*, 603 F. Supp. 2d 73, 81 (D.D.C. 2009)). *Brown* dealt with issues specific to *respondeat superior* liability in the context of Section 1983 claims. That case also dealt with allegations concerning particular individuals at a facility, as opposed to the general knowledge Plaintiff pleads in this case. *Brown* is readily distinguishable. *Compare Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998) ("[M]erely because several crimes have occurred at a particular ATM located in a high-crime area does not render it more likely that future crimes will occur at every ATM the bank owns.").

case, the Complaint lacks well-pled allegations sufficient to establish that any third-party franchisee that owned and operated a Wyndham-affiliated hotel actually violated the TVPRA. *Cf. Lawson v. Rubin,* 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018), *reconsideration denied,* 2018 WL 7958928 (E.D.N.Y. June 11, 2018) (dismissing TVPRA claim against owner of condominium complex, reasoning that two incidents involving first responders were insufficient to give rise to a reasonable inference that the owner knew or should have known that the occupant of the penthouse was committing trafficking crimes). Plaintiff has not alleged any basis for imputing liability to WHRI's subsidiary franchisors, let alone WHRI.

Plaintiff's agency allegations fail for the additional reason that they are conclusory, boilerplate, and otherwise not well pled. *See, e.g.*, *In re Parkcentral Glob. Litig.*, 3:09-CV-0765-M, 2010 WL 3119403, at *10 (N.D. Tex. Aug. 5, 2010) (Lynn, J.). Plaintiff's allegations suggest nothing more than an ordinary franchising relationship, which is insufficient to make the franchisee the agent of the franchisor. *See* RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006).[6]

### III. CONCLUSION

For the foregoing reasons and those set forth in WHRI's motion, WHRI respectfully requests that the Court GRANT WHRI's motion and dismiss Plaintiff's First Amended Complaint with prejudice as to WHRI.

---

[6] *Fitz v. Days Inns Worldwide, Inc.*, 147 S.W.3d 467, 473 (Tex. App.—San Antonio 2004, pet. denied) ("Fitz [] contends that DIW [a subsidiary of WHRI] exercised actual control because it could enforce compliance with its System Standards Manual. . . . DIW contends that its ability to suspend or terminate a franchisee's operations if minimum standards are not followed is not a sufficient level of control to expose it to liability. We agree with DIW."); *Nears v. Holiday Hosp. Franchising, Inc.*, 295 S.W.3d 787, 796 (Tex. App.—Texarkana 2009, no pet.); *Domino's Pizza, L.L.C. v. Reddy*, 09-14-00058-CV, 2015 WL 1247349, at *5 (Tex. App.—Beaumont Mar. 19, 2015, pet. denied); *Whitfield v. Century 21 Real Estate Corp.*, 484 F. Supp. 984, 986 (S.D. Tex. 1979); *Doe 1*, 2020 WL 1872335, at *5; *Muminov v. Muniraj Enterprises, Inc.,* 6:11-CV-969-ORL-31, 2012 WL 760638, at *2 n.3 (M.D. Fla. Mar. 8, 2012) (holding that agreement did not give "Wyndham" any control over a third-party franchisee "sufficient to establish vicarious liability").

Dated:  June 19, 2020    Respectfully submitted,

          **DLA PIPER LLP (US)**

By: */s/ Allissa A.R. Pollard*
Allissa A.R. Pollard
Tex. Bar No.:  24065915
Christopher B. Donovan
(application to N.D. Tex. pending)
Tex. Bar No.:  24097614
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T:  713.425.8400
F:  713.425.8401
alllissa.pollard@dlapiper.com
christopher.b.donovan@dlapiper.com

David S. Sager (*pro hac vice*)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T:  973.520.2570
F:  973.215.2604
david.sager@dlapiper.com

*Counsel for Defendant*
*Wyndham Hotels & Resorts, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/ Allissa A.R. Pollard*
Allissa A.R. Pollard