**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| E.S., an individual, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BEST WESTERN INTERNATIONAL, INC.; | § | |
| MARRIOTT INTERNATIONAL, INC.; | § | Civil Action No. 3:20-cv-00050-M |
| EXTENDED STAY AMERICA, INC.; | § | |
| G6 HOSPITALITIY, LLC; WYNDHAM | § | |
| HOTELS AND RESORTS, INC.; AND | § | |
| CHOICE HOTELS INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S REPLY IN SUPPORT OF ITS JOINDER IN CHOICE HOTELS' MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........ 1

II. ARGUMENTS & AUTHORITIES ........ 2

III. CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Aqrabawi v. Pierce County*,
C07-5341RJB, 2008 WL 11508826 (W.D. Wash. July 7, 2008) ....................4

*Bd. of Educ. of Evanston Tp. High Sch. Dist. No. 202, Cook County, Ill. v. Admiral Heating & Ventilating, Inc.*,
104 F.R.D. 23 (N.D. Ill. 1984)....................4

*In re BofI Holding, Inc. Sec. Litig.*,
318 F.R.D. 129 (S.D. Cal. 2016) ....................2

*Elec. Data Sys. Corp. v. Steingraber*,
4:02 CV 225, 2003 WL 21653405 (E.D. Tex. July 9, 2003)....................3

*Ferruza v. MTI Tech.*,
SACV 00-0745 DOC, 2002 WL 32344347 (C.D. Cal. June 13, 2002)....................3

*Gilliard v. McWilliams*,
315 F. Supp. 3d 402 (D.D.C. 2018)....................2

*In re Hardwood P-G, Inc.*,
403 B.R. 445 (Bankr. W.D. Tex. 2009)....................3

*Hawkins v. Hutchison*,
1:05-CV-184-C, 2006 WL 8436815 (N.D. Tex. Dec. 22, 2006)....................1

*Hickman v. Taylor*,
329 U.S. 495 (1947)....................2

*King v. Univ. Healthcare Sys., L.C.*,
645 F.3d 713 (5th Cir. 2011) ....................2

*Laxalt v. McClatchy*,
116 F.R.D. 438 (D. Nev. 1987)....................3

*Mir v. L-3 Communications Integrated Sys., L.P.*,
315 F.R.D. 460 (N.D. Tex. 2016) ....................2

*Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*,
C01-20418JW, 2005 WL 1459555 (N.D. Cal. June 21, 2005)....................4

*Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*,
278 F.R.D. 335 (S.D.N.Y. 2011) ....................4

*Republic of Ecuador v. Mackay*,
742 F.3d 860 (9th Cir. 2014) ....................................................................................2

*Rodriguez v. Mech. Tech. Services, Inc.*,
A-12-CV-710-LY, 2012 WL 12873546 (W.D. Tex. Nov. 27, 2012).......................................1

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
928 F.3d 42 (D.C. Cir. 2019) (Williams, J., concurring)..........................................................1

*US Bank Nat. Ass'n v. PHL Variable Ins. Co.*,
12 CIV. 6811 CM JCF, 2013 WL 5495542 (S.D.N.Y. Oct. 3, 2013) ......................................4

*Zazzali v. Swenson*,
1:12-CV-224-EJL-MHW, 2013 WL 12136803 (D. Idaho July 18, 2013) ...............................4

**Other Authorities**

FED. R. CIV. P. 26(c)...........................................................................................................1

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI"), incorrectly named as Wyndham Hotels and Resorts, Inc., submits this Reply in Support of its Joinder (Dkt. 72) in Choice Hotel's Motion for Modification of the Court's Protective Order, and in support thereof states as follows:

## I. PRELIMINARY STATEMENT

The issue before the Court is narrow—that is, whether the Court should modify its May 3, 2020 Order (Dkt. 52) to delete the requirement that Defendants "promptly inform Plaintiff, on a continuing basis, to whom Defendants have revealed her identity." WHRI and the other Defendants need to investigate and defend against Plaintiff's claim under the TVPRA, which arises from allegations of sex trafficking. This requirement hinders Defendants' efforts because it invades their confidential work product.

Significantly, Plaintiff did not request the disclosure provision in her motion (Dkt. 4), nor has Plaintiff offered any factual or legal support on which good cause for this disclosure requirement can be based.[1] Plaintiff alludes to additional restrictions she might seek in the future, but Plaintiff has not moved for such relief either. Plaintiff's gratuitous accusation that WHRI seeks to "chill and dissuade Plaintiff from pursuing her case" is unfounded, unsupported, and unprofessional. WHRI is sensitive to the seriousness of Plaintiff's allegations and thus consented to her request to proceed by pseudonym, which itself is an extraordinary form of relief. *See, e.g.*, *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 82 (D.C. Cir. 2019) (Williams, J., concurring) ("A case brought anonymously can let a winning plaintiff inflict disgrace on a defendant and can let a losing plaintiff launch defamatory charges . . . .

[1] *See* FED. R. CIV. P. 26(c); *see also, e.g.*, *Hawkins v. Hutchison*, 1:05-CV-184-C, 2006 WL 8436815, at *2 (N.D. Tex. Dec. 22, 2006) ("[S]tereotypical and conclusory statements are insufficient to merit the grant of a protective order."); *Rodriguez v. Mech. Tech. Services, Inc.*, A-12-CV-710-LY, 2012 WL 12873546, at *5 (W.D. Tex. Nov. 27, 2012) ("Given the contradictory testimony and the lack of additional evidence by the movant, Plaintiffs have failed to demonstrate good cause for the proposed protective order as well as the other relief sought.").

[A]llowance of anonymity creates a structural asymmetry that can tilt the scales unfairly. If defendants get named, plaintiffs should too." (internal citations and quotations omitted)). However, WHRI cannot agree to prejudicial intrusions on its right to defend against these allegations, particularly in the absence of any support in the record, and WHRI requests that the Court modify the May 3, 2020 Order to remove the disclosure requirement.

## II. ARGUMENTS & AUTHORITIES

As Defendant Choice Hotels International, Inc. explained in its motion, the requirement that Defendants tell Plaintiff's counsel who Defendants interview regarding Plaintiff's allegations impermissibly intrudes on privileged communications and work product. Dkt. 69, at 3.[2] The attorney-client privilege protects communications between a lawyer and his or her client that are made for purposes of receiving or giving legal advice. *See, e.g., King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 720 (5th Cir. 2011). Attorney work product is similarly protected from disclosure. That includes not only an attorney's written work product, but also counsel's "mental impressions, conclusions, opinions, or legal theories developed in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the . . . mental impressions of an attorney.").

Work product reflecting "an attorney's mental impressions, conclusions, opinions, or legal theories developed in anticipation of litigation" is "virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014) (internal quotations omitted); *Mir v. L-3 Communications Integrated Sys., L.P.*, 315 F.R.D. 460, 464 (N.D. Tex. 2016) ("[T]he work-

[2] And, as a threshold matter, courts lack authority under the Federal Rules to regulate informal investigations. *See In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 133 (S.D. Cal. 2016) ("[T]he Court agrees with Defendants that their informal investigations do not fall within the scope of formal discovery regulated by Rule 26."); *Gilliard v. McWilliams*, 315 F. Supp. 3d 402, 410 n.3 (D.D.C. 2018).

product rule accords special protection to work-product revealing the attorney's mental processes. As such, if the materials sought are opinion work-product then a court may compel discovery only if the party seeking the materials demonstrates a compelling need for the information." (internal citations and quotations omitted)).

While the identities of witnesses with relevant knowledge are not protected from disclosure, the choice by counsel of which witnesses to interview is protected by the work product doctrine. *See, e.g.*, *Elec. Data Sys. Corp. v. Steingraber*, 4:02 CV 225, 2003 WL 21653405, at *2 (E.D. Tex. July 9, 2003) ("The Court finds that revealing the identity of witnesses interviewed would permit opposing counsel to infer which witnesses counsel considers important, thus, revealing mental impressions and trial strategy."); *In re Hardwood P-G, Inc.*, 403 B.R. 445, 470 (Bankr. W.D. Tex. 2009) (denying motion to compel disclosure of defense counsel's list of interviewees, explaining that "the request is effectively that the Trustee disclose who the firms of Alvarez & Marsalis [sic] and Haynes & Boone interviewed . . . . When Signature's discovery requests are viewed through that lens, it is plain that what Signature is actually seeking to gain are the mental impressions and trial strategy of opposing counsel" (internal citations and quotations omitted)).

As one court has explained:

> Although the identity and location of witnesses that may have knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by opposing counsel is protected. The rationale behind this distinction is that if the identity of interviewed witnesses is disclosed, opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy. Such evaluations, impressions, and strategy are the heart of the work product rule.

*Ferruza v. MTI Tech.*, SACV 00-0745 DOC, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002); *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987) (reversing magistrate judge's

order requiring party to disclose witnesses interviewed); *Al-Aqrabawi v. Pierce County*, C07-5341RJB, 2008 WL 11508826, at *2 (W.D. Wash. July 7, 2008) ("[T]he choice by counsel of which witnesses to interview is protected by the work product doctrine.").

Requiring a party to disclose which witnesses have been or will be interviewed provides "a roadmap" of that party's pre-trial strategy and the mental impressions of counsel, which "implicates core principles behind the work product doctrine." *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 343 n.8 (S.D.N.Y. 2011); *see also, e.g.*, *Bd. of Educ. of Evanston Tp. High Sch. Dist. No. 202, Cook County, Ill. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) ("[A] party may properly inquire into the identity and location of persons having knowledge of relevant facts. But the party may not do so in a fashion that effectively infringes upon the opposing attorney's preparation of his case for trial."); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, C01-20418JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005) ("[I]f the identity of interviewed witnesses is disclosed, the opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy." (internal quotations omitted)); *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 12 CIV. 6811 CM JCF, 2013 WL 5495542, at *9 (S.D.N.Y. Oct. 3, 2013) ("[C]ourts in this district have noted that the identities of people interviewed as part of counsel's investigation into the facts of the case have the potential to reveal counsel's opinions, thought processes, or strategies, and are therefore protected."); *Zazzali v. Swenson*, 1:12-CV-224-EJL-MHW, 2013 WL 12136803, at *2 (D. Idaho July 18, 2013).

Plaintiff appears to concede that communications between WHRI, its employees, and its counsel are privileged and therefore should not be disclosed to Plaintiff's counsel, even when

involving disclosures of Plaintiff's identity. *See* Dkt. 82, at 4 ("Plaintiff does not object to Defendants' use of Plaintiff's identity in the context of the attorney-client privilege . . . ."). Plaintiff similarly does not dispute that the choice by WHRI's counsel of who to interview, when to interview them, and who not to interview is protected attorney-work product that should not be disclosed. Plaintiff instead alludes to other relief that she may seek at a future date, which WHRI will address whenever Plaintiff formally moves for such relief. But, because there is no dispute that the sort of disclosures contemplated in the May 3 Order would intrude on Defendants' attorney-client privilege and protected attorney work product, the May 3 Order should be modified as set forth in Choice Hotels' motion.

## III. CONCLUSION

For the foregoing reasons and those set forth in Choice Hotels' motion, WHRI respectfully requests that the Court GRANT Choice Hotels' motion, which WHRI joined, and modify the May 3 Order to remove its disclosure requirement.

Dated: July 1, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Allissa A.R. Pollard*
Allissa A.R. Pollard
Tex. Bar No.: 24065915
Christopher B. Donovan
(application to N.D. Tex. pending)
Tex. Bar No.: 24097614
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8400
F: 713.425.8401
alllissa.pollard@dlapiper.com
christopher.b.donovan@dlapiper.com

*Of Counsel:*
David S. Sager (pro hac vice)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570
F: 973.215.2604
david.sager@dlapiper.com

***Counsel for Defendant***
***Wyndham Hotels & Resorts, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/ Allissa A.R. Pollard*
Allissa A.R. Pollard