**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| E.S., an individual; | |
| Plaintiff | |
| -against- | |
| BEST WESTERN INTERNATIONAL, INC.; MARRIOTT INTERNATIONAL, INC.; EXTENDED STAY AMERICA, INC.; G6 HOSPITALITY, INC.; WYNDHAM HOTELS AND RESORTS, LLC; AND CHOICE HOTELS INTERNATIONAL, INC., | CIVIL NO. 3:20-cv-0050-S |
| Defendants. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
PLAINTIFF'S RENEWED MOTION FOR A PROTECTIVE ORDER**

Plaintiff E.S. ("Plaintiff"), by her counsel, respectfully submits this reply to Defendants' Joint Response in Opposition to Plaintiff's Renewed Motion for a Protective Order (Dkt. 106). Plaintiff contends Defendants' objections are without merit and the Court should grant Plaintiff's Renewed Motion for a Protective Order.   Dkt. 105-1.

**MEMORANDUM IN SUPPORT**

Victims who escape and/or speak out against trafficking live in fear of their former captors.  Plaintiff is a victim of sex trafficking within the meaning of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. *See* First Amended Complaint ("FAC"), ¶¶ 5, 9.  Plaintiff was forced by her trafficker to perform commercial sex acts at hotels in Arlington, Garland, Fort Worth, Grand Prairie, Dallas, Addison and Mesquite, Texas, including brand hotels owned and/or controlled by Defendants. *Id.* at ¶ 7. For years, Plaintiff was repeatedly verbally abused, physically beaten, and raped at the hands of her trafficker.  *Id.* at ¶

165.  Defendants' demand to know the identity of Plaintiff's traffickers and insistence on being able to disclose Plaintiff's identity and/or her physical characteristic to them should be viewed for what it really is: an attempt to intimidate and harass Plaintiff.  Plaintiff should not be placed in a position where she is asked to choose between her safety and proceeding with a lawsuit.

## I.    STANDARD OF REVIEW

A district court may issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense" where the movant has established good cause for such an order.  Fed.R.Civ.P. 26(c)(1).  "To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements."  *Id.* (internal quotation marks and citation omitted).  The decision to issue a protective order or not is left to discretion of the district court in managing the case.  *Jane Does 1-3 v. Sung Bum Chang*, 2010 WL 11618786, at *2 (N.D. Tex. Feb. 9, 2010).

## II.    ARGUMENT

After agreeing Plaintiff can proceed pseudonymously prior to trial, Defendants now seek to reveal Plaintiff's identity to her trafficker so they may "seek testimony from Plaintiff's alleged trafficker(s)." Dkt. 106, Section IV.A.[1]  Plaintiff's Protective Order contains provisions for Defendants to interview fact witnesses and would allow Defendants access to Plaintiff's trafficker's identity upon a showing of good cause.  As such, Defendants' ability to conduct an

---

[1] Defendants pick and choose words from *Plaintiff B v. Francis*, 531 F.3d 1310, 1319 (11th Cir. 2011).  Dkt. 106, p. 5.  What the *Francis* court actually says is as follows: "The Defendants are aware of the Plaintiffs' identities and thus are not barred from conducting a full range of discovery in building a defense for trial."  *Francis,* 531 F.3d at 1319.  Likewise, Defendants are aware of Plaintiff's identity and through her FAC have all the facts necessary to investigate Plaintiff's claims.

investigation will not be hindered, despite Plaintiff being afforded protections necessary to protect her safety.  The trafficker can be asked questions of his crimes without naming Plaintiff.

### A.  Defendants Misstate Legal Standards for a 1595 Lawsuit Under the TVPRA.

Despite Defendants' continued efforts to conflate the issues, this case involves the civil liability of Defendants who profited from the sexual exploitation of Plaintiff in violation of the TVPRA. 18 U.S.C. § 1595.   No overt act is necessary to hold a defendant accountable under Section 1595.  *See Ricchio v. Bijal, Inc.,* No. CV 15-13519-FDS, 2019 WL 6253275, at *9 (D. Mass. Nov. 22, 2019); *A.B. v. Marriott Int'l Inc.*, No. 19-5770, 2020 WL 1939678, at *20 (E.D. Pa. Apr. 22, 2020).  Several judges have also held that Defendants' actual knowledge of a commercial sex trafficking venture is not required for liability under the TVPRA, otherwise the "should have known" language in § 1595(a) would be meaningless.  *See A.C. v. Red Roof Inns, Inc.*, No. 2:19-cv-04965-ALM-EPD, Dkt. 70, pp. 12-13 (S.D. Oh. June 2020).  Defendants may be liable as long as they "were on notice about the prevalence of sex trafficking generally at their hotels and failed to take adequate steps to train staff in order to prevent its occurrence." *Id.* at 9.

Defendants claim they "must be allowed to seek testimony from Plaintiff's alleged trafficker(s) and their affiliates on such relevant topics as whether, when, where, and in what manner Plaintiff was trafficked . . ."  Dkt. 106, p. 6.  However, Plaintiff has alleged these facts in the FAC, such that Defendants already have the ability to conduct any investigations necessary to prove or disprove her claims. Defendants do not need to know the identification of Plaintiffs' traffickers (as suggested by Defendants) to initiate an investigation. *See* Dkt. 106, pp. 6, 13.  Moreover, the traffickers are not named as defendants.  Any trafficker testimony will have little or no bearing on whether Defendants knowingly benefited from their participation in what they should have known was a sex trafficking venture.  Involving Plaintiff's traffickers,

unnecessarily, in this case would only serve to intimidate Plaintiff and chill the speech of survivors.[2]  Finally, Plaintiff's Protective Order allows for the potential disclosure of the identity of Plaintiff's trafficker within 30 days of the close of fact discovery, which would give Defendants the opportunity to obtain discovery from Plaintiff's trafficker(s) and associates while minimizing the risk of inadvertent disclose of Plaintiff's identity to those individuals.

### B. Defendants' Investigation Should Focus on Their Conduct, Not the Traffickers, and Defendants Have a Full and Fair Opportunity to Defend Themselves.

The Defendants have access to sufficient facts alleged in the FAC from which they can investigate the Plaintiff's claims.  Plaintiff has identified the specific hotels in question where she was trafficked between 2006 and 2011, where Plaintiff was routinely observed by hotel staff exhibiting the signs of human trafficking.  FAC, ¶ 96.  The Defendants can check internal records for individuals who paid cash for rooms or rented rooms for months on end, obtain internal internet records, and subpoena records from outside erotic services providers which will either confirm or undermine Plaintiff's claims.  Defendants can investigate what, if any, procedures and policies were mandated by Defendants related to human trafficking in the named hotels in the time period from 2006 to 2011, what information, training, and checklists were provided to assist employees in identifying human trafficking, what processes were provided for escalating human trafficking concerns within their organizations, and what follow-up was provided to ensure their franchisees and/property management staff were complying with brand human trafficking compliance mandates (if such existed).  Likewise, Defendants do not need Plaintiff's traffickers' information to investigate whether their hotels were in an area known for a

---

[2]  *See* Marriott Strikes Deal to End Sex Trafficking Suit, August 26, 2020, Law360.com ("Plaintiff chose to settle her claims after her traffickers were allowed into the case as third party defendants,          as          she          feared          for          her          safety.") (https://www.law360.com/articles/1304304/print?section=personal-injury-medical-malpractice (Last Accessed Aug. 27, 2020)

high incidence of crimes and prone to sex trafficking.  *See* FAC, ¶¶ 153(c), 154(d), 155(d), 162(d), 163(d), 164(d).

Furthermore, and entirely unacknowledged by Defendants, Plaintiff has agreed to allow her "true identity" to be disclosed to twelve categories of persons, including, but not limited to the parties and their counsel, defense expert witnesses, outside consultants, and investigators after such agree to sign the Protective Order.  *See* Dkt. 105-1, ¶ 5 A-K.  Defendants' argument that the Protective Order would prevent them from interviewing past employees of the local hotels (Dkt. 106, pp.14-15) is wrong; the Protective Order specifically provides for Plaintiff's identity to be disclosed to "[a]ny potential, anticipated, or actual fact witnesses".  *See* Dkt. 105-1, ¶5(G).

The cases cited by Defendants do little to help their argument that they lack a full and fair opportunity to defend themselves.  In *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001), the court prevented the defendants from announcing plaintiff's name to the public, on the condition she make her identity known to defendants to conduct discovery.  Here, Defendants already know Plaintiff's identity, and Plaintiff seeks to prevent disclosure to individuals who have a history of physically harming Plaintiff – a much more severe side effect than the plaintiff in *Roe*, who only feared public condemnation.  And, in *Doe v. De Amigos, LLC*, No. 11-1755 (ABJ), 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012), the court noted that the defendants would not be barred from revealing the plaintiff's name during discovery because *plaintiff had not yet requested a protective order*.

Of the remaining cases cited by Defendants, s*ee* Dkt. 106, p. 4, related to their due process objections, most do not even involve a protective order, and are simply irrelevant to the question of whether Plaintiffs' Protective Order would impair Defendants' ability to have a full

and fair opportunity to litigate their claims. *See, e.g., Nat'l Util. Serv., Inc. v. Cambridge- Lee Indus., Inc.*, 199 F. App'x 139, 143 (3d Cir. 2006) (not a protective order issue, merely stating general proposition that defendants have fair and full opportunity to defend); *Holland v. Kohn*, 12 F. App'x 160, 166 (4th Cir. 2001) (likewise not a protective order issue, discussing "troubling issue" of whether the party had sufficient notice of or fair opportunity to defend against motion to compel)(internal quotations omitted).

In *Sweet v. Lockhead Martin Energy Sys., Inc.*, No. 3:97-CV-603, 1998 WL 479448, at *4 (E.D. Ten. June 23, 1998), the defendant sought to prevent all plaintiffs from sitting in on the depositions of all other plaintiffs. The court emphasized this fact in holding the protective order invalid: "We are talking about excluding parties from depositions." *Id.* Here, Plaintiff does not seek any such relief. Likewise, *In re Air Crash at Lexington, Ky., August 27, 2006*, No. 5:06CV316-KSF, 2008 WL 170510, at *2 (E.D. Ky. Jan. 17, 2008) also dealt with a protective order seeking to prevent witnesses from viewing the videotaped depositions of other witnesses. There, the only support in favor of such a protective order was one party's concern that the other party was "preparing their own testimony in conformity" with previous depositions, which the court found insufficient under Rule 26(c)(1). *Id.* This is a far cry from Plaintiff's genuine and specifically articulated concerns of physical and psychological harm at the hands of her traffickers and any associates.

### C. Plaintiff Has Proposed A Protective Order Based on Substantiated Allegations of Specific Harm That is Similar to Protective Orders Established By Other Courts.

Defendants' assertion that Plaintiff's Protective Order is not supported by substantiated allegations of potential harm has no basis.[3] Plaintiff has detailed the history of violence her

---

[3] The cases cited by Defendants are not analogous. In *Levitin v. Nationwide Mut. Ins. Co.*, No.

trafficker(s) has perpetrated against herself and others.  FAC, ¶¶ 5, 7, 9, 165.  In cases where the Plaintiff has demonstrated a need for anonymity, the court should issue protective orders limiting the disclosure of the party's name under Fed. R. Civ. P. 26(c), to preserve the parties' anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000); *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (plaintiff can proceed anonymously in cases involving matters of a highly sensitive matter and personal nature, real danger of physical harm, and where disclosure of identity could result in injury complained of).[4] As for Defendants' argument that Plaintiff does not need anonymity from her trafficker because the trafficker already knows who she is, this is nonsensical.  Plaintiff's trafficker(s) may know that Plaintiff is someone he victimized, but Plaintiff's trafficker(s) does not know that she is involved in litigation related to her sex trafficking.[5]  Defendant's suggestion, Dkt. 106 at 9, that Plaintiff seek a no contact order would be dangerous given the nature of Plaintiff's previous and ongoing relationship with her trafficker(s), the abuse she has suffered because of them since her trafficking ended, and the level of control they could potentially exert over Plaintiff and her

---

[footnote continued] 2:12-CV-34, 2012 WL 6552814, at *5 (S.D. Ohio Dec. 14, 2012), *Lewis v. St. Luke's Hosp. Ass'n*., 132 F.3d 33, at *4 (6th Cir. 1997), and *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 135 (S.D. Cal. 2016), the parties seeking protective orders provided no facts to support fears of retaliation.

[4] Defendants cite to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) for the proposition that "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings" yet ignore the fact that the Ninth Circuit allowed the plaintiffs in that case to proceed under a pseudonym because they feared severe retaliation.

[5] Defendants' cites to *Doe v. Beaumont Independent School Dist.*, 172 F.R.D. 215, 217 (E.D. Tex. 1997); *Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D. Miss. 1987); and *Doe v. Shakur*, 164 F.R.D. 359-3601-61 (S.D.N.Y. 1996) are inapplicable.  In those cases, the *defendants* knew who the plaintiffs were so anonymity was not required.  Here, likewise, Defendants know Plaintiff's identity but she is concerned about the revelation of her identity to dangerous third-party sex traffickers.

family.  Plaintiff is reasonably afraid of her trafficker(s) and should not be coerced into giving up this lawsuit to protect her safety and that of her family.  In addition, as Defendants have made clear, criminal charges and convictions often accompany trafficking.  To the extent Plaintiff's trafficker has not faced charges or convictions for his actions and any focus on him may lead to such repercussions, he may be even more motivated to retaliate against and intimidate Plaintiff from pursuing her claims.

Defendants object to Plaintiff's proposal prohibiting disclosure of Plaintiff's identity  to her trafficker(s). Dkt. 106, at 13. Plaintiff seeks to prevent Defendants from disclosing "Plaintiff's true identify and/or physical description to Plaintiff's alleged trafficker(s) including his or their colleagues, co-conspirators, or anyone reasonably likely to share Plaintiff's true identity with her alleged traffickers."  Dkt. 106 at 14.  Ignored by Defendants, is that Plaintiff's Protective Order is less restrictive than a protective order entered in a similar case in a different federal jurisdiction, involving two of the instant Defendants. *See S.J. v. Choice Hotels International, Inc., Wyndham Hotels & Resorts, Inc. JAV, Inc., Howard Johnson International, Inc., and Shanta Hospitality, Inc.*, No. 1:19-cv-06071-BMC, Dkt. 44, (E.D.N.Y. April 9. 2020). In the *S.J.* case, the defendant is required to send a letter to the court when seeking permission to share Plaintiff's identity with others, including traffickers.  Nor do Defendants mention another case involving some of the same Defendants, *B.H. v. Choice Hotels International, Inc.*, 3:19-cv-03442-MG, Dkt. 40 ¶¶ 2-4 (D.S.C April 23, 2020), which likewise requires that notice be given to plaintiff's counsel prior to disclosing her identity to traffickers.[6]

---

[6] Defendants' cite to *Does 1-3 v. Sung Bum Chang*, 2010 WL 11618786, at *4-5 (N.D. Tex. Feb. 9, 2010) is misleading.  Plaintiff relies on that case for the proposition that Plaintiff's identity cannot be revealed to associates of Plaintiff's traffickers who may still be at large because disclosure will put her in danger, and that was the protection allowed by the *Sung Bum Chang* court.  The court in *Sung Bum Chang* did require the plaintiffs to reveal their identities to their

In terms of Defendants' contention that some cases have rejected protective orders similar to Plaintiff's proposed order, Plaintiff respectfully contends that the "good cause" standard depends on a review of the particular facts of each situation.  The ruling in *Jane Doe 1 v. Red Roof Inns, Inc., et al.*, 1:19-cv-03840-WMR (N.D. Ga.), at 79:03-09 (Nov. 26, 2019) does not govern this court's decision and Defendants have not attached the final entered protective order in that case, making it questionable precedent.  Finally, requiring a protective order to be signed before seeing materials is a common provision in protective orders. *See Fletcher v. Honeywell Int'l.*, No. 3:16-cv-302, 2016 WL 5317328, at *2 (S.D. Ohio Sept. 21, 2016).  Plaintiff has made a good faith effort that would allow Defendants the opportunity to internally investigate Plaintiff's claims while still protecting her from potential violence.  Plaintiff is not pursuing this action against her trafficker, so she should not have to continuously live in fear of violence from him.

### D.  Defendants' Remaining Arguments Are Without Merit.

Defendant suggests that Plaintiff has "jumped directly to federal court" and declares, without any authority, that she should be required to take steps to initiate the criminal prosecution of her traffickers.  Dkt. 106, p. 12.  Defendants' recitation of provisions of the TVPRA requiring that civil actions be stayed pending the resolution of any criminal proceedings are completely irrelevant.  As far as Plaintiff is aware, there are no pending criminal actions involving Plaintiff's traffickers, nor is Plaintiff required to pursue one.  Furthermore, as to Defendants' objection that Plaintiff's proposed requirement that her trafficker(s) knowingly waive his/her Fifth Amendment rights under the United Sates Constitution, Plaintiff respectfully

---

traffickers, but that was specifically because *the traffickers were the defendants*.  *See Sung Bum Chang*, 2010 WL 11618786, at 5.  This opinion does not stand for the proposition that all trafficking victims must reveal their identities to their traffickers in a civil lawsuit, as Defendants would have the Court believe. *See* Dkt. 106 at pp. 9-10.

suggests that this would be for the benefit of all Parties as otherwise Plaintiff's traffickers, who on information and belief, have not been convicted of any crime related to trafficking or prostitution, would have no incentive to tell the truth about their relationship with Defendants' hotels and Plaintiff.

As to the argument that Plaintiff's traffickers should be joined as defendants, Plaintiff repeats that this case is not about Plaintiff's relationship with her traffickers; it is about the Defendants' failures to stop sex trafficking on their properties while reaping the financial benefits of such illegal activity. Defendants acknowledge that the Texas code allows parties to be added on or before 60 days of the trial date. TEX. CIV. PRAC. & REM. CODE § 33.004. Defendants will potentially have access to the identities of Plaintiff's trafficker(s) 30 days prior to the close of discovery (upon a showing of good cause), in which case Defendants would have plenty of time to add Plaintiff's traffickers as third party defendants.

Finally, Defendants' work product arguments are without merit. Defendants falsely state that the Protective Order would only allow Plaintiff's identity to be revealed to "employees, agents, and representatives of counsel as needed to litigate any claims or defenses." Dkt. 106, pp. 14-15. However, the Protective Order contains provisions for the revelation of Plaintiff's identity to actual or anticipated fact witnesses, and a whole host of other categories of individuals, and only requires Plaintiff's identity not be revealed to Plaintiff's traffickers and his or her associates. The burden on Defendants is not too great considering the grave physical and psychological harm Plaintiff could suffer from her trafficker(s) if her identity becomes known to him.

## CONCLUSION

For the forgoing reasons, the Court should grant Plaintiff's Motion for Renewed Protective Order and permit Plaintiff to file under the initials E.S. and for additional disclosure protections.

Dated:  August 28, 2020              **Respectfully Submitted,**

THE LANIER LAW FIRM, P.C.

*/s/ W. Mark Lanier*
W. Mark Lanier
Texas State Bar No.: 11934600
WML@lanierlawfirm.com
Monica Cooper (admitted *pro hac vice*)
State Bar No.: 24071344
Monica.Cooper@lanierlawfirm.com
10940 W. Sam Houston Pwky North,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

*Attorneys for Plaintiff, E.S.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing Plaintiff's Motion and Memorandum in Support thereof with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ W. Mark Lanier*

11